IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DAVID RANGE, | Case. No. \_\_\_\_\_ |
| Plaintiff, | |
| v. | |
| WILLIAM BARR, Attorney General of the the United States; REGINA LOMBARDO, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, | |
| Defendants. | |

## COMPLAINT

Plaintiff Bryan David Range, by and through undersigned counsel, complains of Defendants as follows:

### INTRODUCTION

About a quarter century ago, Bryan Range was convicted of concealing some of his meager income so that he could obtain additional food stamps for his family—a class one misdemeanor. Range served no jail time, and eventually made restitution. Range remains a gainfully employed, peaceful and productive family man, with no other meaningful criminal record. Yet Range suffers from a lifetime prohibition on the possession of firearms, owing to his ancient misdemeanor conviction, in violation of his Second Amendment rights. He deserves relief.

## THE PARTIES

1.     Plaintiff Bryan David Range is a natural person and citizen of Pennsylvania and of the United States, residing in Elizabethtown, Lancaster County, Pennsylvania. Mr. Range presently intends to purchase and possess a handgun and long gun for self-defense within his own home, but is prevented from doing so only by defendants' active enforcement of unconstitutional policies complained of in this action.

2.     Defendant William Barr is sued in his capacity as the Attorney General of the United States. As Attorney General, Barr is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

3.     Regina Lombardo is sued in her capacity as the Acting Director and Head of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATFE"). In that capacity, Lombardo is responsible for executing and administering laws, customs, practices, and policies of the United States, and is presently enforcing the laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5. Venue lies in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claim occurred, and the Plaintiff resides, in this judicial district.

## STATEMENT OF FACTS

*Plaintiff's Background*

6. Bryan David Range is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

7. On August 8, 1995, Range was convicted by the Court of Common Pleas of Lancaster County, Pennsylvania, of one count of 62 Pa. C.S. § 481(a), making a false statement to obtain $2,458 in food stamps/assistance, by not fully disclosing his income. The offense allegedly occurred at various times up to and

including January 31, 1994. Owing to the amount at issue, Range's offense was graded as a first degree misdemeanor.

8. In Pennsylvania, a first degree misdemeanor is punishable by up to five years' imprisonment, but carries no mandatory minimum sentence. 18 Pa. C.S. § 1104(1).

9. At the time of Range's violation, his then-wife was unemployed, and Range was earning approximately $9-$9.50 an hour mowing lawns, taking home approximately $300 a week. The couple was struggling to raise three children—a three and a half year old and twin two-year olds—on this income. Range's wife had made the food stamp application, but no matter: Range pled guilty to under-reporting his income. He was sentenced to three years probation, which he successfully completed; and was assessed a $100 fine, $288.29 in costs and $2,458 in restitution, which he paid.

10. Range acknowledges that it was wrong for him to receive the additional food stamps based on the income information provided in the application for assistance. He has remained peaceful and on the whole law-abiding. His only other criminal history consists of minor traffic and parking infractions, as well as a summary offense of fishing without a license in 2011.

11. Range has been married for the past 18 years to his second wife, with whom he has been together for the past 25 years. He has lived at the same address for the past 24 years. The couple has successfully raised five now-adult children.

12. Range is in his thirteenth year of employment as a machinist, prior to which he was self-employed as a painter for five years. Before then, was employed for ten years as a color technician for a printer.

*Defendants' Regulatory Scheme*

13. Title 18, United States Code § 922(g)(1) prohibits the possession of firearms by any person convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

14. The term "crime punishable by imprisonment for a term exceeding one year" "does not include . . . (B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). The Department of Justice has adopted the position that "crime punishable by imprisonment for a term exceeding one year," as used in 18 U.S.C. § 922(g)(1), includes state misdemeanors carrying statutory sentencing ranges exceeding two years, without regard to any mandatory minimum

sentence. The Third Circuit has endorsed this view. *Binderup* v. *Atty. Gen'l*, 836 F.3d 336 (3d Cir. 2016) (en banc).

15. Title 18, United States Code § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

16. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 11(c) on Form 4473 asks:

> Have you ever been convicted in any court of a **felony**, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?

17. Defendants instruct firearm dealers not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct firearm dealers to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer:

> If a prospective purchaser answered "yes" to any of the questions on the ATF Form 4473 (other than questions 9 a. and 9 l. of the 10/98 edition), you should not contact the NICS because the subject is prohibited from purchasing.

BATF FFL Newsletter, May, 2001, Issue I, at 14, available at http://www.atf.gov/files/publications/newsletters/ffl/ffl-newsletter-2001-05.pdf (last visited June 10, 2020).

> If the prospective purchaser answers "yes" to any of the questions [regarding eligibility to possess firearms], the licensee has reasonable cause to believe that the transferee is prohibited. Accordingly, the transfer of a firearm to such a person would be in violation of Federal law. This is true regardless of whether the licensee received an "proceed" or "denied" response from NICS. In fact, there is no reason for the licensee to even contact NICS after a person indicates on the Form 4473 that he or she is prohibited from receiving firearms. The licensee should simply advise the prospective purchaser that the firearm may not be transferred.

BATF FFL Newsletter, September 1999, Issue II, at 2, available at https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-september-1999/download (last visited June 10, 2020).

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

18.     Range desires and intends to possess firearms for self-defense and for defense of his family.

19.     Owing to his misdemeanor conviction, Range is prohibited by Defendants from following through with his intent to obtain a firearm, based on

Defendants' enforcement of 18 U.S.C. § 922(g)(1).

20. Range refrains from obtaining a firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

21. Range refrains from purchasing a firearm from a private party, because doing so would subject him to arrest, prosecution, fine, and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

22. Should Range answer, on Form 4473, that he has been convicted of a crime punishable by imprisonment for over one year, any federal firearms licensee who follows Defendants' directives would refuse to sell Range a firearm on account of the fact that Range is prohibited from possessing firearms under 18 U.S.C. § 922(g)(1). Thus, Range suffers the on-going harm of being unable to obtain firearms from licensed federal firearms dealers, which Range would, in fact, obtain but for the enforcement of 18 U.S.C. § 922(g)(1).

COUNT ONE
INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF
RIGHT TO KEEP AND BEAR ARMS, U.S. CONST. AMEND. II

23. The allegations of paragraphs 1 through 22 are incorporated as though fully set forth herein.

24. Range is a responsible, virtuous, law-abiding American citizen. He has no history of violent behavior, or of any other conduct that would suggest he would pose any more danger by possessing firearms than an average, law-abiding responsible citizen. Range is unlikely to act in a manner dangerous to public safety, and his possession of firearms would not be contrary to the public interest.

25. On account of Bryan David Range's unique personal circumstances, including but not limited to the non-serious nature of his misdemeanor conviction, the passage of time since that conviction, Range's generally law-abiding record over the years, his trustworthiness with firearms and the lack of danger that his possession of firearms would pose, it is unconstitutional to apply against Range, personally, the firearms prohibition of 18 U.S.C. § 922(g)(1), on account of his misdemeanor conviction under 62 Pa. C.S. § 481(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against Bryan David Range on account of his 1995 misdemeanor conviction under 62 Pa. C.S. § 481(a);

2. A declaration that application of 18 U.S.C. § 922(g)(1) against Bryan David Range, on account of his 1995 misdemeanor conviction under 62 Pa. C.S. § 481(a), violates the Second Amendment to the United States Constitution;

3. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against Bryan David Range on the basis of his 1995 misdemeanor conviction under 62 Pa. C.S. § 481(a), and FURTHER directing Defendants to issue Bryan David Range a Unique Personal Identification Number ("UPIN") under the National Instant Background Check System ("NICS") with which he may purchase firearms, unless Range is prohibited from possessing firearms for reasons other than his 1995 conviction under 62 Pa. C.S. § 481(a);

4. A declaration that Bryan David Range's 1995 conviction under 62 Pa. C.S. § 481(a) does not require him to acknowledge a disabling conviction when purchasing firearms;

5. Costs of suit;

6. Attorney Fees and Costs pursuant to 28 U.S.C. § 2412; and

7. Any other further relief as the Court deems just and appropriate.

Dated: July 8, 2020                                  Respectfully Submitted,


                                        By:  /s/ Micahel P. Gottlieb
Alan Gura                                    Michael P. Gottlieb
Gura PLLC                                    PA Bar No. 36678
916 Prince Street, Suite 107                 319 Swede Street
Alexandria, VA 22314                         Norristown, PA 19401
703.835.9085/Fax 703.997.7665                610.279.4200
alan@gurapllc.com                            Mikem1a1@aol.com

*Admission pro hac vice pending              Attorneys for Plaintiff