## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN DAVID RANGE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM BARR, Attorney General | : | |
| of the United States, *et al*, | : | NO. 5:20-CV-03488-GEKP |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## **ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

William Barr, Attorney General of the United States, and Regina Lombardo, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, in their official capacities (collectively, "defendants"), by and through their attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, Paul J. Koob and Eric D. Gill, Assistant United States Attorneys, hereby answer plaintiff's Complaint as follows:

## **INTRODUCTION**

Plaintiff's introductory paragraph contains conclusions of law to which no response is required. To the extent that any of the allegations contained in the introductory paragraph of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

1

## THE PARTIES

1.      Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 1 and therefore denies them.

2.      Admitted in part and denied in part. Defendants admit plaintiff seeks to sue William Bar in his official capacity as Attorney General of the United States. By way of further response, defendants admit that Barr currently serves as Attorney General. The remaining allegations of paragraph 2 contain conclusions of law to which no response is required. To the extent that any of those remaining allegations contained in paragraph 2 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

3.      Admitted in part and denied in part. Defendants admit plaintiff seeks to sue Regina Lombardo in her official capacity as the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives. By way of further response, defendants admit that Lombardo is the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives. The remaining allegations of paragraph 3 contain conclusions of law to which no response is required. To the extent that any of those remaining allegations contained in paragraph 3 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

## JURISDICTION AND VENUE

4.      Paragraph 4 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in

2

paragraph 4 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

5.      Paragraph 5 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 5 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

## STATEMENT OF FACTS

6.      Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 6 and therefore denies them.

7.      Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 7 and therefore denies them.

8.      Paragraph 8 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 8 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

9.      Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 9 and therefore denies them.

10.     Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 10 and therefore denies them.

11.     Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 11 and therefore denies them.

12.     Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 12 and therefore denies them.

*Defendants' Regulatory Scheme*

13.     Paragraph 13 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 13 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

14.     Paragraph 14 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 14 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

15.     Paragraph 15 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 15 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

16.    Paragraph 16 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 16 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

17.    Admitted.

*Defendants' Thwarting of Plaintiff's Presently Intended Transactions*

18.    Defendants lack knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations of paragraph 18 and therefore denies them.

19.    Paragraph 19 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 19 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

20.    Paragraph 20 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 20 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

21.    Paragraph 21 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 21 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

22.     Paragraph 22 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 22 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

## COUNT I

23.     Defendants hereby incorporate their answers and responses to paragraphs 1-22 of plaintiff's complaint as if set forth herein in their entirety.

24.     Paragraph 24 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 24 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

25.     Paragraph 25 of the complaint contains conclusions of law to which no response is required. To the extent that any of the allegations contained in paragraph 25 of the complaint may be deemed to contain allegations of material fact, those allegations are denied.

The WHEREFORE paragraph immediately following paragraph 25 of plaintiff's complaint contains plaintiff's prayer for relief to which no response is required. Defendants deny each and every allegation of material fact set forth in plaintiff's complaint not herein before admitted, denied or otherwise modified.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Laches

Range's lawsuit is barred under the equitable doctrine of laches. "Laches is an equitable defense and as such 'the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case.'" *Burke v. Gateway Clipper, Inc.*, 441 F.2d 946, 949 (3d Cir. 1971) (quoting *The Key City*, 81 U.S. 653, 660 (1871)). In this case, Range was convicted of an underlying criminal offense in 1995 that prohibited him from possessing firearms. But Range did not bring this lawsuit until 2020—or twenty-five years after his conviction.

Range's delay prejudices the defense's ability to develop facts from the 1995 conviction that might demonstrate the seriousness of plaintiff's offense. Those facts are important because "there are no fixed criteria for determining whether crimes are serious enough to destroy Second Amendment rights." *Binderup v. Attorney Gen. United States of Am.*, 836 F.3d 336, 351 (3d Cir. 2016) (en banc). Although a plurality of three judges stated in *Binderup* that a court "look[s] only to a crime's elements rather than to the way it actually was committed," the plurality nonetheless noted the district court's findings about the factual circumstances of the offense. *Id.* at 351 n.4. Range's delay in bringing this lawsuit prejudices the government's ability to develop similar facts in this case.

Respectfully submitted,

/s/ *Susan R. Becker for GBD*
GREGORY B. DAVID
Assistant United States Attorney

7

s/ Paul J. Koob
PAUL J. KOOB
ERIC D. GILL
Assistant United States Attorneys
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106-4476
215-861-8432/8250 (phone)
215-861-8618 (facsimile)
Paul.Koob@usdoj.gov
Eric.Gill@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on this day, the foregoing "Answer to Complaint and Affirmative Defenses," was filed electronically and is available for viewing and downloading from the court's ECF system.

Dated: September 21, 2020                     s/ Paul J. Koob
                                              PAUL J. KOOB
                                              Assistant United States Attorney