12/14 ED.

JUDGE GENE E.K. PRATTER
United States District Court
Eastern District of Pennsylvania

# CHECKLIST FOR RULE 26(f) MEET AND CONFER
# REGARDING ELECTRONICALLY STORED INFORMATION ("ESI")

In cases in which the discovery of electronically stored information is likely to be a significant cost or burden, the Court encourages the parties to engage in ongoing meet-and-confer discussions and use the following Checklist to guide those discussions. While the Court does *not* expect to receive this checklist from counsel, the Court recommends that all counsel retain a copy of it in the event of subsequent disputes.

The parties' discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the Checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

**I. Preservation**

☐ The ranges of creation or receipt dates for any ESI to be preserved.

☐ The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).

☐ The description of data from sources that the party (a) believes could not contain relevant information but (b) has determined, under proportionality factors, should not be preserved.

☐ Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of emails, voicemails, and other electronically recorded material.

☐ The names, general job titles, or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).

☐ The number of custodians for whom ESI will be preserved.

☐ The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.

☐ Any disputes related to the scope or manner of preservation.

**II. Liaison**

☐ The identity of each party's e-discovery liaison.

### III. Informal Discovery Regarding Location and Types of Systems

- ☐ Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
- ☐ Description of systems in which potentially discoverable information is stored.
- ☐ Location of systems in which potentially discoverable information is stored.
- ☐ How potentially discoverable information is stored.
- ☐ How discoverable information can be collected from systems and media in which it is stored.

### IV. Proportionality and Costs

- ☐ The nature of the claims made, remedies requested, and damages claimed by either party.
- ☐ The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- ☐ The likely benefit of the proposed discovery.
- ☐ Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.
- ☐ Limits on the scope of preservation or other cost-saving measures.
- ☐ Whether there is potentially discoverable ESI that will not be preserved.

### V. Search

- ☐ The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- ☐ The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

### VI. Phasing

- ☐ Whether it is appropriate to conduct discovery of ESI in phases.
- ☐ Sources of ESI most likely to contain discoverable information and that will be included in the first phases of document discovery under Federal Rule of Civil Procedure 34.

☐ Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.

☐ Custodians (by name or role) most likely to have discoverable information and whose ESI will be included in the first phases of document discovery.

☐ Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.

☐ The time period during which discoverable information was most likely to have been created or received.

### VII. Production

☐ The formats in which structured ESI (database, collaboration sites, etc.) will be produced.

☐ The formats in which unstructured ESI (email, presentations, word processing files, etc.) will be produced.

☐ The extent, if any, to which metadata will be produced and the fields of metadata to be produced.

☐ The production format(s) that ensure(s) that any inherent searchability of ESI is not degraded when produced.

### VIII. Privilege

☐ How any production of privileged or work product–protected information will be handled.

☐ Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.

☐ Whether the parties will enter into a Federal Rule of Evidence 502(d) Stipulation and Order that addresses inadvertent or agreed-upon production.