# EXHIBIT 1

# Defendant's Fifty State Survey of Laws Criminalizing Fraudulently Obtaining Food Stamps

*Bryan D. Range v. Jeffrey Rosen, et al.*, No. 20-cv-0388 (E.D. Pa.)

**Methodology**:

Pennsylvania makes it either a misdemeanor or felony to fraudulently obtain food stamps or public assistance, depending on the amount of benefits received. *See* 62 Pa. Cons. Stat. Ann. § 481(a). Defendant Bryan D. Range was convicted of this offense.

This survey lists the statutes that would apply to Range's conduct had it occurred in each state. This survey relies upon the narrowest statute that applies, similar to how Range was charged in Pennsylvania. In other words, if a broader statute criminalizes the same conduct, then this survey relies upon any narrower statute that would encompass the alteration of vehicle permits.

Many states classify fraudulently obtaining benefits as both a misdemeanor and a felony, depending on the monetary value of the benefits improperly received. However, the amount of money that triggers a felony conviction differs significantly between states, anywhere between $150-$2,500.

**Summary of Results**:

Forty-two states categorize Range's conduct as a felony. Seven states, including Pennsylvania, categorize the conduct as a misdemeanor. The remaining one state characterizes the conduct in equivocal terms.

For ease of reference, this survey highlights in green the states that treat Range's conduct as a felony, in red color the states that treat it as a misdemeanor, and in yellow the states that treat it equivocally. The survey includes the statutory citations, as well as the excerpted statutory language.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Alabama | Felony | Ala. Code § 13A-9-91(a)<br>Ala. Code § 13A-9-150(a)(b)(e) |

In Alabama, illegal possession of food stamps is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony to illegally possess food stamps valuing $500 or more. In addition, obtaining public assistance, including food stamps, through fraud is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony to fraudulently obtain food stamps valuing $200 or more. It is possible for an individual to illegally obtain food stamps through fraud and be guilty of both a misdemeanor and a felony.

**§ 13A-9-91. Illegal possession of food stamps in the first, second, and third degree.**
(a) A person commits the crime of illegal possession of food stamps if:
    (1) He or she knowingly uses, transfers, acquires, alters, or possesses food stamp coupons or food stamp authorization cards in any manner not authorized by the Food Stamp Act of 1977, 7 U.S.C. § 2011 et seq., or the regulations issued pursuant to the act; or
    (2) He or she presents or causes to be presented food stamp coupons for payment or redemption knowing the same to have been received, transferred, or used in any manner not authorized by the Food Stamp Act of 1977, 7 U.S.C. § 2011 et seq., or the regulations pursuant to the act.
    (b) Illegal possession of food stamps which exceed two thousand five hundred dollars ($2,500) in value constitutes illegal possession of food stamps in the first degree and is a Class B felony.
    (c) Illegal possession of food stamps which exceed five hundred dollars ($500) in value but do not exceed two thousand five hundred dollars ($2,500) in value constitutes illegal possession of food stamps in the second degree and is a Class C felony.
    (d) Illegal possession of food stamps which do not exceed five hundred dollars ($500) in value constitutes illegal possession of food stamps in the third degree and is a Class A misdemeanor.

Ala. Code § 13A-9-91(a)

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

**§ 13A-9-150. Public assistance fraud; penalties.**

(a) For the purposes of this section, public assistance means money or property provided directly or indirectly to eligible persons through programs of the federal government, the state, or any political subdivision thereof, including any program administered by a public housing authority.

(b) It shall be unlawful for an individual or business entity to knowingly do any of the following:

(1) Fail, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used in making a determination as to the qualification of the person to receive public assistance.

(2) Fail to disclose a change in circumstances in order to obtain or continue to receive any public assistance to which he or she is not entitled or in an amount larger than that to which he or she is entitled.

(3) Aid and abet another person in the commission of the prohibitions enumerated in subdivisions (1) and (2).

(4) Use, transfer, acquire, traffic, alter, forge, possess, attempt to use, attempt to transfer, attempt to acquire, attempt to traffic, attempt to alter, attempt to forge, attempt to possess, or aid and abet another person in the use, transfer, acquisition, traffic, alteration, forgery, or possession of a food assistance identification card, an authorization, including, but not limited to, an electronic authorization, for the expenditure of food assistance benefits, a certificate of eligibility for medical services, or a Medicaid identification card in any manner not authorized by law, or to re-encode a magnetic strip on any card with information issued by any state or federal agency that grants monetary benefits that were not issued by that agency or that does not match the information on the front of the card.

(5) File, attempt to file, or aid and abet in the filing of a claim for services to, or on behalf of, a recipient of public assistance for services that were not rendered.

(6) File a false claim or a claim for nonauthorized items or services under any state or federally funded public assistance program.

(7) Bill the recipient of public assistance, or his or her family, for an amount in excess of that provided for by law or regulation.

(8) Fail to credit, return, or pay back to the state or its agents any payments received from Social Security, insurance, or other sources of funds paid or administered by any state agency that are in excess of the approved or listed amount or were received or approved based on fraud or fraudulent conduct.

(9) In any way receive, attempt to receive, or aid and abet in the receipt of unauthorized payments or other unauthorized public assistance or authorization or identification to obtain public assistance.

(10) Convert, charge, accept, or in any way take any funds administered by a public assistance program in excess of the listed price plus any applicable taxes.

(11) Receive payment that includes public assistance funds, in any form, for the purchase of items that are not authorized or are prohibited by state or federal law.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | …<br><br>(e)(1) In addition to any other penalty provided by law, an individual or business entity that violates this section in an aggregate value of two hundred dollars ($200) or more shall be guilty of a Class C felony.<br>(2) In addition to any other penalty provided by law, an individual or business entity that violates this section in an amount less than the aggregate value of two hundred dollars ($200) shall be guilty of a Class A misdemeanor.<br><br>Ala. Code § 13A-9-150(a)(b)(e) | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Alaska | Misdemeanor | Alaska Stat. § 47.25.980(a)<br>Alaska Stat. § 47.25.985 |

In Alaska, illegally obtaining food stamps is a misdemeanor.

**§ 47.25.980(a). Duties of department**.
(a) The department shall
 (1) adopt regulations necessary to carry out the food stamp program;
 (2) cooperate with the federal government and do all things necessary to continue state eligibility under the food stamp program;
 (3) comply with the requirements of 7 U.S.C. 2011 — 2036 (Food Stamp Program).

Alaska Stat. § 47.25.980(a)

**§ 47.25.985. Violations; penalty**.
(a) A person is guilty of a misdemeanor if the person
        (1) knowingly acquires, possesses, uses, alters, or transfers food stamp allotments in violation of AS 47.25.975 — 47.25.980 or the regulations adopted under AS 47.25.980;
        (2) presents food stamp allotments or causes them to be presented for payment or redemption knowing them to have been transferred, received, altered, or used in a manner violating AS 47.25.975 — 47.25.980 or the regulations adopted under AS 47.25.980;
        (3) knowingly acquires, uses, alters, or transfers a wage subsidy authorized under AS 47.25.975(b) in violation of AS 47.25.975 — 47.25.980, AS 47.27.025(e), or the regulations adopted under AS 47.25.980 or AS 47.27.025(e).
(b) Upon conviction a person shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Alaska Stat. § 47.25.985

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Arizona | Felony | Ariz. Rev. Stat. Ann. § 46-215 |

In Arizona, welfare fraud is a felony.

**§ 46-215. Welfare fraud; program disqualification; classification**
A. A person commits welfare fraud if the person knowingly obtains by means of a false statement or representation, by impersonation or by other fraudulent device any of the following:
    1. Assistance or service to which the person is not entitled.
    2. Assistance or service greater than that to which the person is entitled.
    3. Payment of any forfeited installment grant, or aids or abets in buying or in any way disposing of the property of a recipient of assistance or service without the consent of the department.
…
F. A person who commits welfare fraud pursuant to subsection A is guilty of a class 6 felony.

Ariz. Rev. Stat. Ann. § 46-215 (a)(f)

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Arkansas | Felony | Ark. Code Ann. § 5-55-201(a)<br>Ark. Code Ann. § 5-55-203(a) |

In Arkansas, it is a felony to acquire or use food coupons which are not authorized by federal or state laws in excess of $100.

**§ 5-55-201(a). Traffic in illegal food coupons or vouchers.**
(1) Any individual, partnership, corporation, or other legal entity that issues food coupons in a manner not authorized by federal law and regulations or state law and rules or that uses, transfers, acquires, possesses, or presents any food coupons for payment not authorized by federal and state law or federal regulations and state rules is guilty of a Class D felony.
(2) However, if the food coupons are of a value of less than one hundred dollars ($100), the individual, partnership, corporation, or other legal entity is guilty of a Class A misdemeanor.

Ark. Code Ann. § 5-55-201(a)

**§ 5-55-203(a). Illegal presentation of food coupons or vouchers for payment.**
(1) Any person who presents or causes to be presented food coupons for payment or redemption of the value of one hundred dollars ($100) or more knowing the food coupons to have been received, transferred, or used in any manner in violation of a provision of the Food Stamp Act of 1977, 7 U.S.C. § 2011 et seq., or the federal regulations or state rules issued pursuant to the Food Stamp Act of 1977, 7 U.S.C. § 2011 et seq., is guilty of a Class D felony.
(2) However, if the food coupons are of a value of less than one hundred dollars ($100), the person is guilty of a Class A misdemeanor.

Ark. Code Ann. § 5-55-203(a)

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| California | Misdemeanor | Cal. Welf. & Inst. Code § 10980(a)-(b)<br>Cal. Welf. & Inst. Code § 10980(d)<br>Cal. Welf. & Inst. Code § 10980(g) |

In California it is a misdemeanor to obtain or try to obtain state aid by making false or misleading statements. It is a felony, however, to unlawfully obtain or try to obtain aid by using a false identity, filing multiple applications for the same person, or applying for aid for a fictitious person.

**§ 10980(a)-(b). Penalties**.
(a) Any person who, willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact in order to obtain aid under the provisions of this division or who, knowing he or she is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he or she is not entitled, or to receive a larger amount than that to which he or she is legally entitled, is guilty of a misdemeanor, punishable by imprisonment in a county jail for a period of not more than six months, by a fine of not more than five hundred dollars ($500), or by both imprisonment and fine.
(b) Any person who knowingly makes more than one application for aid under the provisions of this division with the intent of establishing multiple entitlements for any person for the same period or who makes an application for that aid for a fictitious or nonexistent person or by claiming a false identity for any person is guilty of a felony, punishable by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine; or by imprisonment in a county jail for a period of not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine.

Cal. Welf. & Inst. Code § 10980(a)(b)

The use or possession of blank authorizations to participate in SNAP through fraud is a felony.

**§ 10980(d). Penalties**.
(d) Any person who knowingly uses, transfers, acquires, or possesses blank authorizations to participate in the federal Supplemental Nutrition Assistance Program in any manner not authorized by Chapter 10 (commencing with Section 18900) of Part 6 with the intent to defraud is guilty of a felony, punishable by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine.

Cal. Welf. & Inst. Code § 10980(d)

Additionally, it is either a misdemeanor or felony to use, transfer, sell, purchase, or possess CalFresh benefits in any unlawful manner, depending on the value of the benefits. It is a felony if the benefits value more than $950.

**§ 10980(g). Penalties**.
(g) Any person who knowingly uses, transfers, sells, purchases, or possesses CalFresh benefits, electronically transferred benefits, or authorizations to participate in the federal Supplemental Nutrition Assistance Program in any manner not authorized by Chapter 10 (commencing with Section 18900) of Part 6, or by the former federal Food Stamp Act of 1977 (Public Law 95-113 and all amendments thereto) or the federal Food and Nutrition Act of 2008 (7 U.S.C. Sec. 2011 et seq.) (1) is guilty of a misdemeanor if the face value of the benefits or the authorizations to participate is nine hundred fifty dollars ($950) or less, and shall be punished by imprisonment in a county jail for a period of not more than six months, by a fine of not more than five hundred dollars ($500), or by both imprisonment and fine, or (2) is guilty of a felony if the face value of the CalFresh benefits or the authorizations to participate exceeds nine hundred fifty dollars ($950), and shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for a period of 16 months, two years, or three years, by a fine of not more than five thousand dollars ($5,000), or by both that imprisonment and fine, or by imprisonment in a county jail for a period of not more than one year, or by a fine of not more than one thousand dollars ($1,000), or by both imprisonment and fine.

Cal. Welf. & Inst. Code § 10980(g)

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Colorado | Felony | Colo. Rev. Stat. § 26-2-305<br>Colo. Rev. Stat. § 18-4-401(2) |

In Colorado, obtaining food stamps through fraud is classified as either a misdemeanor or felony, depending on the value of the benefits received. It is a felony to fraudulently obtain benefits valuing $2,000 or more.

§ 26-2-305. Fraudulent acts – penalties.
(1) (a) Any person who obtains, or any person who aids or abets another to obtain, food stamp coupons or authorization to purchase cards or an electronic benefits transfer card or similar credit card-type device through which food stamp benefits may be delivered to which the person is not entitled, or food stamp coupons or authorization to purchase cards or an electronic benefits transfer card or similar credit card-type device through which food stamp benefits may be delivered the value of which is greater than that to which the person is justly entitled by means of a willfully false statement or representation, or by impersonation, or by any other fraudulent device with intent to defeat the purposes of the food stamp program commits the crime of theft, which crime shall be classified in accordance with section 18-4-401 (2), C.R.S., and which crime shall be punished as provided in section 18-1.3-401, C.R.S., if the crime is classified as a felony, or section 18-1.3-501, C.R.S., if the crime is classified as a misdemeanor. Any person violating the provisions of this subsection (1) is disqualified from participation in the food stamp program for one year for a first offense, two years for a second offense, and permanently for a third or subsequent offense. Any person convicted of trafficking in food stamp coupons as described in this subsection (1) having a value of five hundred dollars or more shall be permanently disqualified from the food stamp program.

Colo. Rev. Stat. § 26-2-305

**§ 18-4-401(2). Theft**.
(2) Theft is:
        (a) (Deleted by amendment, L. 2007, p. 1690, § 3, effective July 1, 2007.)
        (b) A class 1 petty offense if the value of the thing involved is less than fifty dollars;
        (b.5) Repealed.
        (c) A class 3 misdemeanor if the value of the thing involved is fifty dollars or more but less than three hundred dollars;
        (d) A class 2 misdemeanor if the value of the thing involved is three hundred dollars or more but less than seven hundred fifty dollars;
        (e) A class 1 misdemeanor if the value of the thing involved is seven hundred fifty dollars or more but less than two thousand dollars;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | (f) A class 6 felony if the value of the thing involved is two thousand dollars or more but less than five thousand dollars;<br>(g) A class 5 felony if the value of the thing involved is five thousand dollars or more but less than twenty thousand dollars;<br>(h) A class 4 felony if the value of the thing involved is twenty thousand dollars or more but less than one hundred thousand dollars;<br>(i) A class 3 felony if the value of the thing involved is one hundred thousand dollars or more but less than one million dollars; and<br>(j) A class 2 felony if the value of the thing involved is one million dollars or more.<br><br>Colo. Rev. Stat. § 18-4-401(2) | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Connecticut | Felony | Conn. Gen. Stat. 952 § 53a-119<br>Conn. Gen. Stat. 952 § 53a-122<br>Conn. Gen. Stat. 952 § 53a-123<br>Conn. Gen. Stat. 952 § 53a-124<br>Conn. Gen. Stat. 952 § 53a-125<br>Conn. Gen. Stat. 952 § 53a-125a<br>Conn. Gen. Stat. 952 § 53a-125b |

In Connecticut, obtaining public benefits through fraud is classified as a larceny. Larceny may be charged as a misdemeanor or felony depending on the value of the benefits received. It is a felony to fraudulently apply for or received benefits worth $2,000 or more.

**§ 53a-119. Larceny defined**.
(6) Defrauding of public community. A person is guilty of defrauding a public community who (A) authorizes, certifies, attests or files a claim for benefits or reimbursement from a local, state or federal agency which he knows is false; or (B) knowingly accepts the benefits from a claim he knows is false; or (C) as an officer or agent of any public community, with intent to prejudice it, appropriates its property to the use of any person or draws any order upon its treasury or presents or aids in procuring to be allowed any fraudulent claim against such community. For purposes of this subdivision such order or claim shall be deemed to be property.

Conn. Gen. Stat. 952 § 53a-119

**§ 53a-122. Larceny in the first degree: Class B felony**.
(a) A person is guilty of larceny in the first degree when he commits larceny, as defined in section 53a-119, and: (1) The property or service, regardless of its nature and value, is obtained by extortion, (2) the value of the property or service exceeds twenty thousand dollars, (3) the property consists of a motor vehicle, the value of which exceeds twenty thousand dollars, or (4) the property is obtained by defrauding a public community, and the value of such property exceeds two thousand dollars.
…
(c) Larceny in the first degree is a class B felony.

Conn. Gen. Stat. 952 § 53a-122

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

**§ 53a-123. Larceny in the second degree: Class C felony**.
(a) A person is guilty of larceny in the second degree when he commits larceny, as defined in section 53a-119, and: (1) The property consists of a motor vehicle, the value of which exceeds ten thousand dollars, (2) the value of the property or service exceeds ten thousand dollars, (3) the property, regardless of its nature or value, is taken from the person of another, (4) the property is obtained by defrauding a public community, and the value of such property is two thousand dollars or less, (5) the property, regardless of its nature or value, is obtained by embezzlement, false pretenses or false promise and the victim of such larceny is sixty years of age or older, or is a conserved person, as defined in section 45a-644, or is blind or physically disabled, as defined in section 1-1f, or (6) the property, regardless of its value, consists of wire, cable or other equipment used in the provision of telecommunications service and the taking of such property causes an interruption in the provision of emergency telecommunications service.
…
(c) Larceny in the second degree is a class C felony.

Conn. Gen. Stat. 952 § 53a-123

**§ 53a-124. Larceny in the third degree: Class D felony**.
(a) A person is guilty of larceny in the third degree when he commits larceny, as defined in section 53a-119, and: (1) The property consists of a motor vehicle, the value of which is ten thousand dollars or less; (2) the value of the property or service exceeds two thousand dollars; (3) the property consists of a public record, writing or instrument kept, held or deposited according to law with or in the keeping of any public office or public servant; or (4) the property consists of a sample, culture, microorganism, specimen, record, recording, document, drawing or any other article, material, device or substance which constitutes, represents, evidences, reflects or records a secret scientific or technical process, invention or formula or any phase or part thereof. A process, invention or formula is "secret" when it is not, and is not intended to be, available to anyone other than the owner thereof or selected persons having access thereto for limited purposes with his consent, and when it accords or may accord the owner an advantage over competitors or other persons who do not have knowledge or the benefit thereof.
…
(c) Larceny in the third degree is a class D felony.

Conn. Gen. Stat. 952 § 53a-124

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

**§ 53a-125. Larceny in the fourth degree: Class A misdemeanor**.
(a) A person is guilty of larceny in the fourth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds one thousand dollars.
(b) Larceny in the fourth degree is a class A misdemeanor.

Conn. Gen. Stat. 952 § 53a-125

**§ 53a-125a. Larceny in the fifth degree: Class B misdemeanor**.
(a) A person is guilty of larceny in the fifth degree when he commits larceny as defined in section 53a-119 and the value of the property or service exceeds five hundred dollars.
(b) Larceny in the fifth degree is a class B misdemeanor.

Conn. Gen. Stat. 952 § 53a-125a

**§ 53a-125b. Larceny in the sixth degree: Class C misdemeanor**.
(a) A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is five hundred dollars or less.
(b) Larceny in the sixth degree is a class C misdemeanor.

Conn. Gen. Stat. 952 § 53a-125b

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Delaware | Felony | Del. Code Ann. tit. 31 § 610 |

In Delaware, acquiring food stamps through fraudulent or unlawful means is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $500 or more.

**§ 610. Unauthorized use, transfer, acquisition, alteration or possession of food stamp coupons, Authorization to Participate Vouchers (ATPs), or access devices; penalties; disqualification from the food stamp program; forfeiture**.
(a) Whoever knowingly uses, transfers, acquires, alters or possesses food stamp coupons, authorization cards, ATPs or access devices in any manner not authorized by the federal Food Stamp Act (7 U.S.C. § 2011 et seq.) or regulations issued pursuant to the Food Stamp Act; or who presents for payment or redemption coupons that have been illegally received, transferred, altered or used shall:

 (1) If such food stamp coupons, authorization cards or ATPs are of a value of $500 or more or the item used, transferred, acquired, altered or possessed is an access device that has a value of $500 or more, be guilty of a class E felony.
 (2) If such coupons, authorization cards or ATPs are of a value of less than $500 or if the item used, transferred, acquired, altered or possessed is an access device that has a value of less than $500, be guilty of a class A misdemeanor.
 (3) In any prosecution under this section where there is a finding that the proceeds of the trafficking involves firearms ammunition, explosives or controlled substances as defined under 21 U.S.C. § 802 be guilty of a class B felony.

(b) In addition to the penalties set forth in subsection (a) of this section, any person convicted of a felony or misdemeanor under this section may be suspended by the court from participation in the food stamp program for an additional period of up to 18 months consecutive to that period of suspension mandated by the federal Food Stamp Act pursuant to 7 U.S.C. § 2015(b)(1).

Del. Code Ann. tit. 31 § 610

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Florida | Felony | Fla. Stat. § 414.39 |

In Florida, acquiring public benefits through fraud is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $200 or more.

**§ 414.39. Fraud**.
(1)    Any person who knowingly:
    (a)    Fails, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used in making a determination as to such person's qualification to receive public assistance under any state or federally funded assistance program;
    (b)    Fails to disclose a change in circumstances in order to obtain or continue to receive any such public assistance to which he or she is not entitled or in an amount larger than that to which he or she is entitled; or
    (c)    Aids and abets another person in the commission of any such act,
commits a crime and shall be punished as provided in subsection (5).
(2)(a)    Any person who knowingly:
    1.    Uses, transfers, acquires, traffics, alters, forges, or possesses;
    2.    Attempts to use, transfer, acquire, traffic, alter, forge, or possess; or
    3.    Aids and abets another person in the use, transfer, acquisition, traffic, alteration, forgery, or possession of,
a food assistance identification card, an authorization, including, but not limited to, an electronic authorization, for the expenditure of food assistance benefits, a certificate of eligibility for medical services, or a Medicaid identification card in any manner not authorized by law commits a crime and shall be punished as provided in subsection (5).
…
(5)(a)    If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is less than an aggregate value of $200 in any 12 consecutive months, such person commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(b)    If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is of an aggregate value of $200 or more, but less than $20,000 in any 12 consecutive months, such person commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c)    If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is of an aggregate value of $20,000 or more, but less than $100,000 in any 12 consecutive months, such person commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| (d)   If the value of the public assistance or identification wrongfully received, retained, misappropriated, sought, or used is of an aggregate value of $100,000 or more in any 12 consecutive months, such person commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (e)   As used in this subsection, the value of a food assistance authorization benefit is the cash or exchange value unlawfully obtained by the fraudulent act committed in violation of this section. (f)   As used in this section, "fraud" includes the introduction of fraudulent records into a computer system, the unauthorized use of computer facilities, the intentional or deliberate alteration or destruction of computerized information or files, and the stealing of financial instruments, data, and other assets.  Fla. Stat. § 414.39 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Georgia | Felony | Ga. Code Ann. § 49-4-15 |

In Georgia, acquiring public benefits through fraud is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $1,500 or more.

**§ 49-4-15. Fraud in obtain public assistance, food stamps, or Medicaid; penalties; recovery of overpayments.**
(a) Any person who by means of a false statement, failure to disclose information, or impersonation, or by other fraudulent device, obtains or attempts to obtain, or any person who knowingly or intentionally aids or abets such person in the obtaining or attempting to obtain:

(1) Any grant or payment of public assistance, food stamps, or medical assistance (Medicaid) to which he or she is not entitled;

(2) A larger amount of public assistance, food stamp allotment, or medical assistance (Medicaid) than that to which he or she is entitled; or

(3) Payment of any forfeited grant of public assistance;

or any person who, with intent to defraud the department, aids or abets in the buying or in any way disposing of the real property of a recipient of public assistance shall be guilty of a misdemeanor unless the total amount of the value of public assistance, food stamps, and medical assistance (Medicaid) so obtained exceeds $1,500.00, in which event such person shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years. In determining the amount of value of public assistance, food stamps, and medical assistance (Medicaid) obtained by false statement, failure to disclose information, or impersonation, or other fraudulent device, the total amount obtained during any uninterrupted period of time shall be treated as one continuing offense.

(b) It shall be a fraudulent device within the meaning of subsection (a) of this Code section, and punishable as therein provided, for any person:

(1) Knowingly to use, alter, or transfer food stamp coupons or authorizations to purchase food stamp coupons in any manner not authorized by law;

(2) Knowingly to possess food stamp coupons or authorizations to purchase food stamp coupons when he or she is not authorized by law to possess them;

(3) Knowingly to possess or redeem food stamp coupons or benefits when he or she is not authorized by law to possess or redeem them; or

(4) Knowingly to use or redeem food stamp coupons or benefits in any manner or for purposes not authorized by law.

…

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Ga. Code Ann. § 49-4-15 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Hawaii | Felony | Haw. Rev. Stat. § 346-34 |

In Hawaii, acquiring public benefits through unlawful means is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $300 or more.

§ 346-34. Frauds, penalties.
…
(c) No person shall knowingly obtain or attempt to obtain, or aid or abet another person in obtaining or attempting to obtain, any food commodity under a food distribution program or any food stamp or coupon under a food stamp plan or an electronic benefits transfer card or similar debit card type device, to which the person or the other person is not entitled to receive or use under any law, or under any rule adopted pursuant to section 346-14 (11) or chapter 91.

(d) No person shall knowingly give, sell, trade, or otherwise dispose of to another person not entitled to receive or use the same pursuant to any law, or pursuant to any rule adopted pursuant to section 346-14 (11) or chapter 91:

      (1) Any food exceeding $300 in value received under a food distribution program or any food of any value received under a food distribution program if that food is sold or traded by the recipient;

      (2) Any food stamp or coupon received under a food stamp plan;

      (3) Any food commodity received wholly or partially in exchange for a food stamp or coupon received under a food stamp plan; or

      (4) Any electronic benefits transfer card or similar debit card type device through which food stamp benefits may be obtained by the food stamp household.

(e) No person shall knowingly buy or give any other consideration in exchange for any food stamp or coupon issued under a food stamp plan or through any electronic benefits transfer card or similar debit card type device through which food stamp benefits may be obtained by the food stamp household except in compliance with any law or any rule adopted pursuant to section 346-14 (11) or chapter 91.
…
(h) A person convicted under subsections (c), (d), (e), (f), or (g) shall be guilty of a misdemeanor; provided that:

      (1) A person convicted under subsection (d)(2) or (e) for an offense involving food stamps or coupons with a value which exceeds $300 shall be guilty of a class C felony; and

      (2) A person convicted under subsection (d)(2) or (e) for an offense involving food stamps, coupons, an electronic benefits transfer card, or a debit card shall be guilty of a class B felony if the benefit to which the person is not entitled exceeds $20,000.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Any portion of assistance obtained by any fraudulent device, and any assistance paid after receipt of resources which have not been reported to the department as required in this section shall be recoverable by the State for the use of the department as a debt due the State, or, restitution of the amount may be ordered by the court following conviction.<br><br>Haw. Rev. Stat. § 346-34 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Idaho | Felony | Idaho Code § 56-227<br>Idaho Code § 18-2407 |

In Idaho, obtaining public benefits through fraud is classified as a petite or grand theft depending on the monetary value of the benefits. It is a grand theft, and a felony, to fraudulently apply for or received benefits worth $1,000 or more.

**§ 56-227. Fraudulent Acts – Penalty**.
(1) Whoever knowingly obtains, or attempts to obtain, or aids or abets any person in obtaining, by means of a willfully false statement or representation, material omission, or fraudulent devices, public assistance to which he is not entitled, or in an amount greater than that to which he is justly entitled, shall be punished in the same manner and to the same extent as for larceny or theft of the money or value of the public assistance so obtained or attempted to be so obtained.
(2) Whoever sells, conveys, mortgages or otherwise disposes of his property, real or personal, or conceals his income or resources, for the purpose of rendering him eligible for public assistance, theretofore or thereafter applied for, to which he would not otherwise be entitled, shall be punished in the same manner and to the same extent as for larceny or theft of the money or value of the public assistance so obtained or so attempted to be obtained. Provided however, this provision shall not be construed to be more restrictive than federal or state provisions regarding the transfer of property for public assistance.

Idaho Code § 56-227

**§ 18-2407. Grading of Theft**.
Theft is divided into two (2) degrees, grand theft and petit theft.
(1) Grand theft.
    (a) A person is guilty of grand theft when he commits a theft as defined in this chapter and when the property, regardless of its nature and value, is obtained by extortion committed by instilling in the victim a fear that the actor or another person will:
        1. Cause physical injury to some person in the future; or
        2. Cause damage to property; or
        3. Use or abuse his position as a public servant by engaging in conduct within or related to his official duties, or by failing or refusing to perform an official duty, in such manner as to affect some person adversely.
    (b) A person is guilty of grand theft when he commits a theft as defined in this chapter and when:
        1. The value of the property taken exceeds one thousand dollars ($1,000); or
        2. The property consists of a public record, writing or instrument kept, filed or deposited according to law with or in the keeping of any public office or public servant; or

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | 3. The property consists of a check, draft or order for the payment of money upon any bank, or a check, draft or order account number, or a financial transaction card or financial transaction card account number as those terms are defined in section 18-3122, Idaho Code; or<br><br>4. The property, regardless of its nature or value, is taken from the person of another; or<br><br>5. The property, regardless of its nature and value, is obtained by extortion; or<br><br>6. The property consists of one (1) or more firearms, rifles or shotguns; or<br><br>7. The property taken or deliberately killed is livestock or any other animal exceeding one hundred fifty dollars ($150) in value.<br><br>8. When any series of thefts, comprised of individual thefts having a value of one thousand dollars ($1,000) or less, are part of a common scheme or plan, the thefts may be aggregated in one (1) count and the sum of the value of all of the thefts shall be the value considered in determining whether the value exceeds one thousand dollars ($1,000); or<br><br>9. The property has an aggregate value over fifty dollars ($50.00) and is stolen during three (3) or more incidents of theft during a criminal episode. For purposes of this subparagraph a "criminal episode" shall mean a series of unlawful acts committed over a period of up to three (3) days; or<br><br>10. The property is anhydrous ammonia.<br><br>(2) Petit theft. A person is guilty of petit theft when he commits a theft as defined in this chapter and his actions do not constitute grand theft.<br><br>Idaho Code § 18-2407 | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|
| Illinois | Felony | 305 Ill. Comp. Stat. Ann. 5/8A-2(a)<br>305 Ill. Comp. Stat. Ann. 5/8A-6(a) |

In Illinois, obtaining food stamps through fraudulent means is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $150 or more.

**§ 8A-2. Recipient Fraud**
 (a) Any person, who by means of any false statement, willful misrepresentation or failure to notify the county department or the local governmental unit, as the case may be, of a change in his status as required by Sections 11-18 and 11-19, or any person who knowingly causes any applicant or recipient without knowledge to make such a false statement or willful misrepresentation, or by withholding information causes the applicant or recipient to fail to notify the county department or local governmental unit as required, for the purpose of preventing the denial, cancellation or suspension of any grant, or a variation in the amount thereof, or through other fraudulent device obtains or attempts to obtain, or aids or abets any person in obtaining public aid under this Code to which he is not entitled is guilty of a violation of this Article and shall be punished as provided in Section 8A-6.

305 Ill. Comp. Stat. Ann. 5/8A-2(a) (2018)

**§ 8A-6. Classification of violations**
 (a) Any person, firm, corporation, association, agency, institution or other legal entity that has been found by a court to have engaged in an act, practice or course of conduct declared unlawful under Sections 8A-2 through 8A-5 or Section 8A-13 or 8A-14 where:

> (1) the total amount of money involved in the violation, including the monetary value of federal food stamps and the value of commodities, is less than $150, shall be guilty of a Class A misdemeanor;
> (2) the total amount of money involved in the violation, including the monetary value of federal food stamps and the value of commodities, is $150 or more but less than $1,000, shall be guilty of a Class 4 felony;
> (3) the total amount of money involved in the violation, including the monetary value of federal food stamps and the value of commodities, is $1,000 or more but less than $5,000, shall be guilty of a Class 3 felony;
> (4) the total amount of money involved in the violation, including the monetary value of federal food stamps and the value of commodities, is $5,000 or more but less than $10,000, shall be guilty of a Class 2 felony; or
> (5) the total amount of money involved in the violation, including the monetary value of federal food stamps and the value of commodities, is $10,000 or more, shall be guilty of a Class 1 felony and, notwithstanding the provisions of Section 8A-8 except for Subsection (c) of Section 8A-8, shall be ineligible for financial aid under this Article for a period of two years

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | following conviction or until the total amount of money, including the value of federal food stamps, is repaid, whichever first occurs.<br><br>305 Ill. Comp. Stat. Ann. 5/8A-6(a) (2018) | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Indiana | Felony | Ind. Code § 35-43-5-7 |

In Indiana, obtaining food stamps through fraudulent means is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $750 or more.

**§35-43-5-7. Welfare fraud**.
Sec. 7. (a) A person who knowingly or intentionally:
(1) obtains public relief or assistance by means of impersonation, fictitious transfer, false or misleading oral or written statement, fraudulent conveyance, or other fraudulent means;
(2) acquires, possesses, uses, transfers, sells, trades, issues, or disposes of:
    (A) an authorization document to obtain public relief or assistance; or
    (B) public relief or assistance;
    except as authorized by law;
    (3) uses, transfers, acquires, issues, or possesses a blank or incomplete authorization document to participate in public relief or assistance programs, except as authorized by law;
    (4) counterfeits or alters an authorization document to receive public relief or assistance, or knowingly uses, transfers, acquires, or possesses a counterfeit or altered authorization document to receive public relief or assistance; or
    (5) conceals information for the purpose of receiving public relief or assistance to which he is not entitled;
    commits welfare fraud, a Class A misdemeanor, except as provided in subsection (b).
(b) The offense is:
(1) a Level 6 felony if the amount of public relief or assistance involved is more than seven hundred fifty dollars ($750) but less than fifty thousand dollars ($50,000); and
(2) a Level 5 felony if the amount of public relief or assistance involved is at least fifty thousand dollars ($50,000).
(c) Whenever a person is convicted of welfare fraud under this section, the clerk of the sentencing court shall certify to the appropriate state agency and the appropriate agency of the county of the defendant's residence:
(1) the defendant's conviction; and
(2) whether the defendant is placed on probation and restitution is ordered under IC 35-38-2.

Ind. Code § 35-43-5-7

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Iowa | Felony | Iowa Code § 234.13<br>Iowa Code § 714.9<br>Iowa Code § 714.10<br>Iowa Code § 714.11<br>Iowa Code § 714.12<br>Iowa Code § 714.13 |

In Iowa, acquiring public benefits through fraud is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $1,500 or more.

**234.13. Fraudulent practices relating to food programs**.
For the purposes of this section, unless the context otherwise requires, "benefit transfer instrument" means a food stamp coupon, authorization-to-purchase card, or electronic benefits transfer card. A person commits a fraudulent practice if that person does any of the following:
1. With intent to gain financial assistance to which that person is not entitled, knowingly makes or causes to be made a false statement or representation or knowingly fails to report to an employee of the department of human services any change in income, resources or other circumstances affecting that person's entitlement to such financial assistance.
2. As a beneficiary of the food programs, transfers any food stamp benefit transfer instrument to any other individual with intent that the benefit transfer instrument be used for the benefit of someone other than persons within the beneficiary's food stamp household as certified by the department of human services.
3. Knowingly acquires, uses or attempts to use any food stamp benefit transfer instrument which was not issued for the benefit of that person's food stamp household by the department of human services, or by an agency administering food programs in another state.
4. Acquires, alters, transfers, or redeems a food stamp benefit transfer instrument or possesses a benefit transfer instrument, knowing that the benefit transfer instrument has been received, transferred, or used in violation of this section or the provisions of the federal food stamp program under 7 U.S.C. ch. 51 or the federal regulations issued pursuant to that chapter.

Iowa Code § 234.13

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

**§ 714.9. Fraudulent practice in the first degree**.
1. Fraudulent practice in the first degree is a fraudulent practice where the amount of money or value of property or services involved exceeds ten thousand dollars.
2. Fraudulent practice in the first degree is a class "C" felony.

Iowa Code § 714.9

**§ 714.10. Fraudulent practice in the second degree**.
1. Fraudulent practice in the second degree is the following:
    a. A fraudulent practice where the amount of money or value of property or services involved exceeds one thousand five hundred dollars but does not exceed ten thousand dollars.
    b. A fraudulent practice where the amount of money or value of property or services involved does not exceed one thousand five hundred dollars by one who has been convicted of a fraudulent practice twice before.
2. Fraudulent practice in the second degree is a class "D" felony.

Iowa Code § 714.10

**§ 714.11. Fraudulent practice in the third degree**.
1. Fraudulent practice in the third degree is the following:
    a. A fraudulent practice where the amount of money or value of property or services involved exceeds seven hundred fifty dollars but does not exceed one thousand five hundred dollars.
    b. A fraudulent practice as set forth in section 714.8, subsections 2, 8, 9, and 21.
    c. A fraudulent practice where it is not possible to determine an amount of money or value of property and services involved.
2. Fraudulent practice in the third degree is an aggravated misdemeanor.

Iowa Code § 714.11

**§ 714.12. Fraudulent practice in the fourth degree**.
1. Fraudulent practice in the fourth degree is a fraudulent practice where the amount of money or value of property or services involved exceeds three hundred dollars but does not exceed seven hundred fifty dollars.
2. Fraudulent practice in the fourth degree is a serious misdemeanor.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | Iowa Code § 714.12<br><br>**§ 714.13. Fraudulent practice in the fifth degree**.<br>1. Fraudulent practice in the fifth degree is a fraudulent practice where the amount of money or value of property or services involved does not exceed three hundred dollars.<br>2. Fraudulent practice in the fifth degree is a simple misdemeanor.<br><br>Iowa Code § 714.13 | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Kansas | Felony | Kans. Stat. Ann. § 39-720<br>Kans. Stat. Ann. § 21-5801(b) |

In Kansas, obtaining public benefits through fraud is classified as a theft, and can be either a misdemeanor or felony depending on the monetary value of the benefits. It is a felony to fraudulently apply for or received benefits worth $1,500 or more.

**§ 39-720. Penalty relating to fraudulent acts; civil actions, evidence**.
Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, shall be guilty of the crime of theft, as defined in section K.S.A. 2019 Supp. 21-5801, and amendments thereto. Such person shall be required to remit to the secretary the amount of any assistance given such person under such fraudulent act. In any civil action for the recovery of assistance on the grounds the assistance was fraudulently obtained, proof that the recipient of the assistance possesses or did possess resources which does or would have rendered such person ineligible to receive such assistance shall be deemed prima facie evidence that such assistance was fraudulently obtained.

Kans. Stat. Ann. § 39-720

**§ 21-5801(b). Theft**.
(b)    Theft of:
    (1)   Property or services of the value of $100,000 or more is a severity level 5, nonperson felony;
    (2)   property or services of the value of at least $25,000 but less than $100,000 is a severity level 7, nonperson felony;
    (3)   property or services of the value of at least $1,500 but less than $25,000 is a severity level 9, nonperson felony, except as provided in subsection (b)(7);
    (4)   property or services of the value of less than $1,500 is a class A nonperson misdemeanor, except as provided in subsection (b)(5), (b)(6) or (b)(7);
    (5)   property of the value of less than $1,500 from three separate mercantile establishments within a period of 72 hours as part of the same act or transaction or in two or more acts or transactions connected together or constituting parts of a common scheme or course of conduct is a severity level 9, nonperson felony;
    (6)   property of the value of at least $50 but less than $1,500 is a severity level 9, nonperson felony if committed by a person who has, within five years immediately preceding commission of the crime, excluding any period of imprisonment, been convicted of theft two or more times; and
    (7)   property which is a firearm of the value of less than $25,000 is a severity level 9, nonperson felony.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Kans. Stat. Ann. §21-5801(b) | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Kentucky | Felony | Ky. Rev. Stat. Ann. § 205.8463 |

In Kentucky, acquiring public benefits through fraud is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $300 or more.

**§ 205.8463. Fraudulent acts – Penalties**.
(1) No person shall knowingly or wantonly devise a scheme or plan a scheme or artifice, or enter into an agreement, combination, or conspiracy to obtain or aid another in obtaining payments from any medical assistance program under this chapter by means of any fictitious, false, or fraudulent application, claim, report, or document submitted to the Cabinet for Health and Family Services, or intentionally engage in conduct which advances the scheme or artifice.
(2) No person shall intentionally, knowingly, or wantonly make, present, or cause to be made or presented to an employee or officer of the Cabinet for Health and Family Services any false, fictitious, or fraudulent statement, representation, or entry in any application, claim, report, or document used in determining rights to any benefit or payment.
(3) No person shall, with intent to defraud, knowingly make, or induce, or seek to induce the making of a false statement or false representation of a material fact with respect to the conditions or operations of an institution or facility in order that the institution or facility may qualify, upon initial certification or upon recertification, as a hospital, skilled-nursing facility, intermediate-care facility, home-health agency, or other provider of services to the Medical Assistance Program.
(4) No person shall, in any matter within the jurisdiction of the Cabinet for Health and Family Services under this chapter, knowingly falsify, conceal, or cover up by any trick, scheme, or device a material fact, or make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document knowing the same to contain any false, fictitious, or fraudulent statement or entry.
(5) Any person who violates subsections (1) and (2) of this section shall be guilty of a Class A misdemeanor unless the sum total of benefits or payments claimed in any application, claim, report, or document, or in any combination or aggregation thereof, is valued at three hundred dollars ($300) or more in which case it shall be a Class D felony. Any person who violates the provisions of subsection (3) of this section shall be guilty of a Class C felony. Any person who violates the provisions of subsection (4) of this section shall be guilty of a Class D felony

Ky. Rev. Stat. Ann. § 205.8463

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Louisiana | Felony | La. Stat. Ann. § 14:2<br>La. Stat. Ann. § 14:70.9<br>La. Stat. Ann. § 14:68.2 |

In Louisiana, it is a felony to fraudulently obtain food stamps.

**§2. Definitions**.
A. In this Code the terms enumerated shall have the designated meanings:
…
(4) "Felony" is any crime for which an offender may be sentenced to death or imprisonment at hard labor.
…
(6) "Misdemeanor" is any crime other than a felony.
…

La. Stat. Ann. § 14:2

**§70.9. Government benefits fraud**.
A. The crime of government benefits fraud is the act of any person who, with intent to defraud the state or any person or entity through any government benefits administered by any state department, agency, or political subdivision, does any of the following:
    (1) Presents for allowance or payment any false or fraudulent claim for furnishing services, merchandise, or payments.
    (2) Knowingly submits false information for the purpose of obtaining greater compensation than that to which he is legally entitled for furnishing services, merchandise, or payments.
    (3) Knowingly submits false information for the purpose of obtaining authorization for furnishing services, merchandise, or payments.
    (4) Knowingly makes or causes to be made a false statement or representation of material fact on an application or form for assistance, goods, services, or payments when the false statement or representation is made for the purpose of determining the person's eligibility to receive benefits or payments.
    (5) Knowingly conceals or fails to disclose any material fact affecting the applicant's or recipient's initial or continued eligibility to receive benefits or payments.
B. Whoever commits the crime of government benefits fraud shall be imprisoned, with or without hard labor, for not more than five years, may be fined not more than ten thousand dollars, or both imprisoned and fined.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|

C. For the purpose of this Section, government benefits include any record, voucher, payment, money or thing of value, good, service, right, or privilege provided or administered by a state government entity.

La. Stat. Ann. § 14:68.2

**§14:68.2. Unauthorized use of supplemental nutrition assistance program benefits or supplemental nutrition assistance program benefit access devices**.
A. As used in this Section and in R.S. 14:68.2.1, the following terms have the following meanings:
    (1) "SNAP benefits" means any supplemental nutrition assistance program benefits issued pursuant to the provisions of the Federal Food Stamp Act, 7 USC §2011 et seq.
    (2) "SNAP benefit access device" means any card, plate, code account access number, or other means of access that can be used, alone or in conjunction with another access device, to obtain payment, allotments, benefits, money, goods, or other things of value or that can be used to initiate a transfer of funds pursuant to the provisions of the Federal Food Stamp Act.
B. The unauthorized use of SNAP benefits or a SNAP benefit access device is:
    (1) To knowingly use, transfer, acquire, alter, or possess SNAP benefits or a SNAP benefit access device contrary to the provisions of the Federal Food Stamp Act or the federal or state regulations issued pursuant thereto.
    (2) To knowingly counterfeit, alter, transfer, acquire, or possess a counterfeited or altered SNAP benefit access device.
    (3) To present or cause to be presented a SNAP benefit access device for payment or redemption, knowing it to have been counterfeited, altered, received, transferred, or used in any manner contrary to the provisions of the Federal Food Stamp Act or the federal or state regulations issued pursuant thereto.
    (4) To knowingly appropriate SNAP benefits or a SNAP benefit access device with which a person has been entrusted or of which a person has gained possession by virtue of his position as a public employee.
C. Whoever commits the crime of unauthorized use of SNAP benefits or a SNAP benefit access device shall be fined not less than five thousand dollars nor more than one million dollars or imprisoned, with or without hard labor, for not less than six months nor more than ten years, or both.
D. In addition to the foregoing penalties, a person convicted under this Section shall be ordered to make restitution in the total amount found to be the value of the SNAP benefits that form the basis for the conviction. If a person ordered to make restitution pursuant to this Section is found to be indigent and therefore unable to make restitution in full at the time of conviction, the court shall order a periodic payment plan consistent with the person's financial ability.

La. Stat. Ann. § 14:68.2

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Maine | Misdemeanor | Me. Stat. tit. 17-A, § 905-C. |

Maine statutes do not use a misdemeanor/felony framework, but rather grade crimes Class A-E. Class A crimes are the most serious and Class A-C crimes largely correspond with a felony classification, while Class D-E crime correspond with a misdemeanor classification. It is a Class D crime to unlawfully obtain public benefits.

**§905-C. Misuse of public benefits instrument**.
1. A person is guilty of misuse of a public benefits instrument if the person knowingly:
    A. Transfers a public benefits instrument without authorization of the agency issuing the instrument; or
    B. Obtains or possesses a public benefits instrument that was obtained without authorization of the agency issuing the instrument.
2. As used in this section, "public benefits instrument" means electronic benefits transfer cards, coupons, vouchers and any other means for distributing benefits from the following programs:
    A. The municipal general assistance program under Title 22, chapter 1161;
    B. The TANF program under Title 22, chapter 1053-B;
    C. The statewide food supplement program under Title 22, section 3104;
    D. The child care subsidies under Title 22, chapter 1052-A; or
    E. The Women, Infants and Children Special Supplemental Food Program of the United States Child Nutrition Act of 1966.
3. Misuse of a public benefits instrument is a Class D crime.

Me. Stat. tit. 17-A, § 905-C

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Maryland | Misdemeanor | Md. Code. Ann., Crim Law § 8-503 |

In Maryland, it is a misdemeanor to obtain food stamps through fraud.

**§ 8–503**.
(a) This section applies to money, property, food stamps, or other assistance that is provided under a social or nutritional program based on need that is:
(1) financed wholly or partly by the State; and
(2) administered by the State or a political subdivision of the State.
(b) By fraud, a person may not obtain, attempt to obtain, or help another person to obtain or attempt to obtain, money, property, food stamps, or other assistance to which the person is not entitled.
(c) A person who violates this section is guilty of a misdemeanor and on conviction is subject to imprisonment not exceeding 3 years or a fine not exceeding $1,000 or both.
(d)(1) A person who is convicted of a violation of this section shall make full restitution of the money or the value of the property, food stamps, or other assistance obtained by the person in violation of this section.
(2) Full restitution under paragraph (1) of this subsection shall be made after the person has received notice and has been given the opportunity to be heard as to the amount of payment and how it is to be made.

Md. Code Ann., Crim Law § 8-503

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Massachusetts | Felony | Mass. Gen. Stat. ch. 274, § 1<br>Mass. Gen. Stat. ch. 18, § 5B<br>Mass. Gen. Stat. ch. 18, § 5K<br>Mass. Gen. Stat. ch. 18, § 5L |

In Massachusetts, any crime for which someone can be imprisoned in a state prison is a felony. It is a felony to obtain or attempt to obtain public benefits through false representation. Additionally, it is either a felony or misdemeanor to possess food stamps obtained in an unlawful manner; it is a felony if the unlawful benefits are valued at $100 or more. Finally, it is either a felony or misdemeanor to obtain public assistance through fraud; it is a felony if the unlawful benefits are valued at $250 or more.

**Ch. 274 § 1. Felonies and misdemeanors**.
Section 1. A crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors.

Mass. Gen. Stat. ch. 274, § 1

**Ch 8 § 5B. False representations or failure to disclose facts; penalty**.
Any person or institution which knowingly makes a false representation or, contrary to a legal duty to do so, knowingly fails to disclose any material fact affecting eligibility or level of benefits to the department of public welfare or its agents, for the purpose of causing any person, including the person making such representations, to be supported in whole or in part by the commonwealth, or for the purpose of procuring a payment under any assistance program administered by the department, shall be punished by a fine of not less than two hundred nor more than five hundred dollars or by imprisonment for not more than one year.
Nothing in this section shall be construed as preventing the institution of criminal proceedings for the violation of any other law of the commonwealth.

Mass. Gen. Stat. ch. 18, § 5B

**Ch 8 § 5K. Obtaining and receiving department of transitional assistance property through embezzlement, theft or fraud; penalty**.
Notwithstanding any general or special law to the contrary, whoever embezzles, steals or obtains by fraud any funds, assets or property provided by the department of transitional assistance and whoever receives, conceals or retains such funds, assets or property for his own interest knowing such funds, assets or property have been embezzled, stolen or obtained by fraud shall, if such funds, assets or property are of a value of $100 or more, be punished by a fine of not more than $25,000 or by imprisonment in a jail

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|

or house of correction for not more than 2 1/2 years, or imprisonment in the state prison for not more than 5 years, or both such fine and imprisonment, or if such funds, assets or property are of a value of less than $100, by a fine of not more than $1,000 or by imprisonment in a jail or house of correction for not more than 1 year, or both such fine and imprisonment.

Mass. Gen. Stat. ch. 18, § 5K

**Ch. 8 § 5L. Food stamps benefits tracking; penalty.**
(a) As used this section and section 5M, "food stamp benefits" shall mean benefits issued pursuant to the federal Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011 to 2029, inclusive, as amended, including such benefits contained on an electronic benefit transfer card.
(b) An individual commits the offense of food stamp benefits trafficking if the individual knowingly:
  (1) presents for payment or redemption or transfers food stamp benefits in any form, including transfers to another, who does not, or does not intend to, use the food stamp benefits for the benefit of the household for whom the benefits were intended, as defined in the regulations of the department; or
  (2) possesses, buys, sells, uses, alters, accepts or transfers food stamp benefits in any manner not authorized by the Food and Nutrition Act of 2008, 7 U.S.C. § 2011, as amended.
(c) An individual who traffics food stamp benefits, as described in subsection (b), shall:
  (1) if the food stamp benefits are of a value of less than $250 or if the item used, transferred, acquired, altered or possessed has a value of less than $250, be punished by imprisonment in a jail or house of correction for not more than 1 year or by a fine of not more than $1,000, or both such fine and imprisonment; or
  (2) if the food stamp benefits are of a value of $250 or more or the item used, transferred, acquired, altered or possessed has a value of $250 or more, be punished by imprisonment in a jail or house of correction for not more than 2 years or by imprisonment in a state prison for not more than 5 years or by a fine of not more than $5,000, or both fine and imprisonment.
(d) If a person is alleged to have committed the offense of trafficking in food stamp benefits 2 or more times within a 6–month period, those offenses may be aggregated and charged in a single count and the offenses so aggregated and charged shall constitute a single offense; provided, however, that, if the aggregate value of the food stamp benefits alleged to be trafficked is $250 or more, the person shall be subject to the penalties prescribed in clause (2) of subsection (c).
(e) Crimes under this section may be prosecuted and punished in any county where a defendant used, transferred, acquired or possessed food stamp benefits or in the county in which the state agency responsible for administering food stamp benefits is headquartered.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| (f) An individual who traffics food stamp benefits, as described in subsection (b) and on 1 prior occasion has been convicted of trafficking food stamp benefits pursuant to said subsection (b) or conspiracy to traffic food stamp benefits shall be punished by imprisonment in a state prison for not more than 10 years or by a fine of not more than $25,000 or both.<br><br>Mass. Gen. Stat. ch. 18, § 5L | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Michigan | Felony | Mich. Comp. Laws § 750.300a |

In Michigan, it is either a felony or misdemeanor to obtain or try to obtain food stamps through unlawful means. It is a felony if the unlawful benefits are valued at more than $250 or if it is a secondary offense.

**§ 750.300a. Food stamps or coupons; conduct as crime; course of conduct as one offense; determination of degree; definitions.**

(1) A person who knowingly uses, transfers, acquires, alters, purchases, possesses, presents for redemption, or transports food stamps or coupons or access devices other than as authorized by the food stamp act of 1977, 7 U.S.C. 2011 to 2030, and the regulations promulgated under that act, or any supplemental food program administered by any department of this state pursuant to section 17 of the child nutrition act of 1966, 42 U.S.C. 1786, and the regulations promulgated under that act, is guilty of a crime as follows:

  (a) Except as otherwise provided in this subdivision, if the aggregate value of the food stamps or coupons or access devices is $250.00 or less, the person is guilty of a misdemeanor, punishable by imprisonment for not more than 93 days, or a fine of not more than $1,000.00, or both. If the person has 1 prior conviction for violating this section, the person is guilty of a felony, and may be punished as provided in subdivision (b). If the person has 2 or more prior convictions for violating this section, the person is guilty of a felony, and may be punished as provided in subdivision (c). The existence of a prior conviction shall be determined by the court at sentencing.

  (b) Except as otherwise provided in this subdivision, if the aggregate value of the food stamps or coupons or access devices is more than $250.00 but does not exceed $1,000.00, the person is guilty of a felony, punishable by imprisonment for not more than 5 years, or a fine of not more than $10,000.00, or both. If the person has 1 or more prior convictions for violating this section, the person is guilty of a felony, and may be punished as provided in subdivision (c). The existence of a prior conviction shall be determined by the court at sentencing.

  (c) If the aggregate value of the food stamps or coupons or access devices is more than $1,000.00, the person is guilty of a felony, punishable by imprisonment for not more than 10 years, or a fine of not more than $250,000.00, or both.

(2) If food stamps or coupons or access devices of various values are used, transferred, acquired, altered, purchased, possessed, presented for redemption, or transported in violation of this section over a period of 12 months, the course of conduct may be charged as 1 offense and the values of the food stamps or coupons or access devices aggregated in determining the degree of the offense.

(3) As used in this section:

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | (a) "Access device" means any card, plate, code, account number, or other means of access that can be used, alone or in conjunction with another access device, to obtain payments, allotments, benefits, money, goods, or other things of value, or that can be used to initiate a transfer of funds pursuant to the food stamp program established under the food stamp act of 1977, 7 U.S.C. 2011 to 2030, or any supplemental food program administered by any department of this state pursuant to section 17 of the child nutrition act of 1966, 42 U.S.C. 1786.<br><br>(b) "Aggregate value of the food stamps or coupons or access devices" means the total face value of any food stamps or coupons involved in the violation plus the total value of any access devices involved in the violation. The value of an access device is the total value of the payments, allotments, benefits, money, goods, or other things of value that may be obtained, or the total value of funds that may be transferred, by use of the access device at the time of the violation.<br><br>(c) "Food stamps or coupons" means the coupons issued pursuant to the food stamp program established under the food stamp act of 1977, 7 U.S.C. 2011 to 2030, or issued pursuant to any supplemental food program administered by any department of this state pursuant to section 17 of the child nutrition act of 1966, 42 U.S.C. 1786.<br><br>Mich. Comp. Laws § 750.300a | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Minnesota | Felony | Minn. Stat. § 256D.14<br>Minn. Stat. § 256.98<br>Minn. Stat. § 609.821<br>Minn. Stat. § 609.02 |

In Minnesota, the Attorney General may choose whether to bring a criminal or civil action for food stamps fraud. If a criminal action is filed, the offense is graded a felony.

**256D.14. Violations**.
Whoever obtains or attempts to obtain, or aids or abets any person to obtain by means of a willfully false statement or representation, or by the intentional withholding or concealment of a material fact, or by impersonation, or other fraudulent device:
    (1) assistance to which the person is not entitled; or
    (2) assistance greater than that to which the person is reasonably entitled;
shall be considered to have violated section 256.98, and shall be subject to both the criminal and civil penalties provided therein.

Minn. Stat. § 256D.14

**256.98. Wrongfully obtaining assistance; theft.**
Subdivision 1.Wrongfully obtaining assistance. A person who commits any of the following acts or omissions with intent to defeat the purposes of sections 145.891 to 145.897, the MFIP program formerly codified in sections 256.031 to 256.0361, the AFDC program formerly codified in sections 256.72 to 256.871, chapter 256B, 256D, 256I, 256J, 256K, or 256L, child care assistance programs, and emergency assistance programs under section 256D.06, is guilty of theft and shall be sentenced under section 609.52, subdivision 3, clauses (1) to (5):
    (1) obtains or attempts to obtain, or aids or abets any person to obtain by means of a willfully false statement or representation, by intentional concealment of any material fact, or by impersonation or other fraudulent device, assistance or the continued receipt of assistance, to include child care assistance or vouchers produced according to sections 145.891 to 145.897 and MinnesotaCare services according to sections 256.9365, 256.94, and 256L.01 to 256L.15, to which the person is not entitled or assistance greater than that to which the person is entitled;
    (2) knowingly aids or abets in buying or in any way disposing of the property of a recipient or applicant of assistance without the consent of the county agency; or

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

     (3) obtains or attempts to obtain, alone or in collusion with others, the receipt of payments to which the individual is not entitled as a provider of subsidized child care, or by furnishing or concurring in a willfully false claim for child care assistance.

The continued receipt of assistance to which the person is not entitled or greater than that to which the person is entitled as a result of any of the acts, failure to act, or concealment described in this subdivision shall be deemed to be continuing offenses from the date that the first act or failure to act occurred.

…

Subd. 5. Criminal or civil action. To prosecute or to recover assistance wrongfully obtained under this section, the attorney general or the appropriate county attorney, acting independently or at the direction of the attorney general, may institute a criminal or civil action or both.

…

Minn. Stat. § 256.98

**609.821. Financial transaction card fraud**.

Subdivision 1.Definitions. For the purposes of this section, the following terms have the meanings given them:

(a) "Financial transaction card" means any instrument or device, whether known as a credit card, credit plate, charge plate, courtesy card, bank services card, banking card, check guarantee card, debit card, electronic benefit system (EBS) card, electronic benefit transfer (EBT) card, assistance transaction card, or by any other name, issued with or without fee by an issuer for the use of the cardholder in obtaining credit, money, goods, services, public assistance benefits, or anything else of value, and includes the account or identification number or symbol of a financial transaction card.

(b) "Cardholder" means a person in whose name a card is issued.

(c) "Issuer" means a person, firm, or governmental agency, or a duly authorized agent or designee, that issues a financial transaction card.

(d) "Property" includes money, goods, services, public assistance benefit, or anything else of value.

(e) "Public assistance benefit" means any money, goods or services, or anything else of value, issued under chapters 256, 256B, 256D, or section 393.07, subdivision 10.

(f) "Trafficking of SNAP benefits" means:

     (1) the buying, selling, stealing, or otherwise effecting an exchange of Supplemental Nutrition Assistance Program (SNAP) benefits issued and accessed via an electronic benefit transfer (EBT) card, card number and personal identification number (PIN), or manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | (2) the exchange of one of the following for SNAP benefits: firearms, ammunition, explosives, or controlled substances as defined in United States Code, title 21, section 802; <br><br> (3) purchasing a product with SNAP benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount; <br><br> (4) purchasing a product with SNAP benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and intentionally reselling the product purchased with SNAP benefits in exchange for cash or consideration other than eligible food; <br><br> (5) intentionally purchasing products originally purchased with SNAP benefits in exchange for cash or consideration other than eligible food; or <br><br> (6) attempting to buy, sell, steal, or otherwise effect an exchange of SNAP benefits issued and accessed via an EBT card, card number and PIN number, or manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone. <br><br><br> Subd. 2.Violations; penalties. A person who does any of the following commits financial transaction card fraud: <br> (1) without the consent of the cardholder, and knowing that the cardholder has not given consent, uses or attempts to use a card to obtain the property of another, or a public assistance benefit issued for the use of another; <br> (2) uses or attempts to use a card knowing it to be forged, false, fictitious, or obtained in violation of clause (6); <br> (3) sells or transfers a card knowing that the cardholder and issuer have not authorized the person to whom the card is sold or transferred to use the card, or that the card is forged, false, fictitious, or was obtained in violation of clause (6); <br> (4) without a legitimate business purpose, and without the consent of the cardholders, receives or possesses, with intent to use, or with intent to sell or transfer in violation of clause (3), two or more cards issued in the name of another, or two or more cards knowing the cards to be forged, false, fictitious, or obtained in violation of clause (6); <br> (5) being authorized by an issuer to furnish money, goods, services, or anything else of value, knowingly and with an intent to defraud the issuer or the cardholder: <br>     (i) furnishes money, goods, services, or anything else of value upon presentation of a financial transaction card knowing it to be forged, expired, or revoked, or knowing that it is presented by a person without authority to use the card; or <br>     (ii) represents in writing to the issuer that the person has furnished money, goods, services, or anything else of value which has not in fact been furnished; <br> (6) upon applying for a financial transaction card to an issuer, or for a public assistance benefit which is distributed by means of a financial transaction card: <br>     (i) knowingly gives a false name or occupation; | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(ii) knowingly and substantially overvalues assets or substantially undervalues indebtedness for the purpose of inducing the issuer to issue a financial transaction card; or

(iii) knowingly makes a false statement or representation for the purpose of inducing an issuer to issue a financial transaction card used to obtain a public assistance benefit;

(7) with intent to defraud, falsely notifies the issuer or any other person of a theft, loss, disappearance, or nonreceipt of a financial transaction card;

(8) without the consent of the cardholder and knowing that the cardholder has not given consent, falsely alters, makes, or signs any written document pertaining to a card transaction to obtain or attempt to obtain the property of another; or

(9) engages in trafficking of SNAP benefits.

§Subd. 3.Sentence. (a) A person who commits financial transaction card fraud may be sentenced as follows:

(1) for a violation of subdivision 2, clause (1), (2), (5), (8), or (9):

(i) to imprisonment for not more than 20 years or to payment of a fine of not more than $100,000, or both, if the value of the property the person obtained or attempted to obtain was more than $35,000, or the aggregate amount of the transactions under this subdivision was more than $35,000; or

(ii) to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both, if the value of the property the person obtained or attempted to obtain was more than $2,500, or the aggregate amount of the transactions under this subdivision was more than $2,500; or

(iii) to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the value of the property the person obtained or attempted to obtain was more than $250 but not more than $2,500, or the aggregate amount of the transactions under this subdivision was more than $250 but not more than $2,500; or

(iv) to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both, if the value of the property the person obtained or attempted to obtain was not more than $250, or the aggregate amount of the transactions under this subdivision was not more than $250, and the person has previously been convicted within the preceding five years for an offense under this section, section 609.24; 609.245; 609.52; 609.53; 609.582, subdivision 1, 2, or 3; 609.625; 609.63; or 609.631, or a statute from another state in conformity with any of those sections, and the person received a felony or gross misdemeanor sentence for the offense, or a sentence that was stayed under section 609.135 if the offense to which a plea was entered would allow imposition of a felony or gross misdemeanor sentence; or

(v) to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both, if the value of the property the person obtained or attempted to obtain was not more than $250, or the aggregate amount of the transactions under this subdivision was not more than $250;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(2) for a violation of subdivision 2, clause (3) or (4), to imprisonment for not more than three years or to payment of a fine of not more than $5,000, or both; or

(3) for a violation of subdivision 2, clause (6) or (7):

    (i) if no property, other than a financial transaction card, has been obtained by the defendant by means of the false statement or false report, to imprisonment for not more than one year or to payment of a fine of not more than $3,000, or both; or

    (ii) if property, other than a financial transaction card, is so obtained, in the manner provided in clause (1).

    (b) In any prosecution under paragraph (a), clause (1), the value of the transactions made or attempted within any six-month period may be aggregated and the defendant charged accordingly in applying the provisions of this section. When two or more offenses are committed by the same person in two or more counties, the accused may be prosecuted in any county in which one of the card transactions occurred for all of the transactions aggregated under this paragraph.

Minn. Stat. § 609.821

**609.02. Definitions**.

Subdivision 1. Crime. "Crime" means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine.

Subd. 2. Felony. "Felony" means a crime for which a sentence of imprisonment for more than one year may be imposed.

Subd. 3. Misdemeanor. "Misdemeanor" means a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed.

Subd. 4. Gross misdemeanor. "Gross misdemeanor" means any crime which is not a felony or misdemeanor. The maximum fine which may be imposed for a gross misdemeanor is $3,000.

§Subd. 4a. Petty misdemeanor. "Petty misdemeanor" means a petty offense which is prohibited by statute, which does not constitute a crime and for which a sentence of a fine of not more than $300 may be imposed.

Minn. Stat. § 609.02

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Mississippi | Felony | Miss. Code. Ann. § 97-19-71<br>Miss. Code. Ann. § 1-3-11 |

In Mississippi, it is a felony to fraudulently obtain or attempt to obtain public benefit.

**§97-19-71. Fraud in connection with state or federally funded assistance programs; penalty**.
(1) Any person who knowingly:
    (a) Fails, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used in making a determination as to such person's qualification to receive aid or benefits or services under any state or federally funded assistance program; or
    (b) Fails to disclose a change in circumstances in order to obtain or continue to receive under any such program aid or benefits or services to which he is not entitled or in an amount larger than that to which he is entitled, or who knowingly aids and abets another person in the commission of any such act is guilty of fraud.
(2) Any person who knowingly:
    (a) Uses, transfers, acquires, traffics, alters, forges or possesses;
    (b) Attempts to use, transfer, acquire, traffic, alter, forge or possess; or
    (c) Aids and abets another person in the use, transfer, acquisition, trafficking, alteration, forgery or possession of a food stamp, a food stamp identification card, an electronic benefits transfer card or the benefits accessed by such card, an authorization for the purchase of food stamps, a certificate of eligibility for medical services, or a Medicaid identification card, for profit or in any manner not authorized by law or regulations issued by the agency responsible for the administration of the state or federally funded program is guilty of fraud.
(3) Any person who knowingly:
    (a) Exchanges food purchased or obtained with; or
    (b) Attempts to exchange food purchased or obtained with benefits or an electronic benefits transfer card under the federal Food and Nutrition Program for cash or anything of value other than food, is guilty of fraud.
(4) Any person having duties in the administration of a state or federally funded assistance program who fraudulently misappropriates, attempts to misappropriate, or aids and abets in the misappropriation of, a food stamp, an authorization for food stamps, a food stamp identification card, an electronic benefits transfer card, the benefits accessible by such card, a certificate of eligibility for prescribed medicine, a Medicaid identification card, or assistance from any other state or federally funded program with which he has been entrusted or of which he has gained possession by virtue of his position, or who knowingly fails to disclose any such fraudulent activity, is guilty of fraud.
(5) Any person who:

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(a) Knowingly files, attempts to file, or aids and abets in the filing of, a claim for services to a recipient of benefits under any state or federally funded assistance program for services which were not rendered; knowingly files a false claim for nonauthorized items or services under such a program; or knowingly bills the recipient of benefits under such a program, or his family, for an amount in excess of that provided for by law or regulations; or

(b) In any way knowingly receives, attempts to receive, or aids and abets in the receipt of unauthorized payment as provided herein is guilty of fraud.

(6) Any person who knowingly signs, or aids and abets any person to sign, a false application for the replacement of benefits or aid to which that person is entitled claiming that person's benefits or aid was not received, is guilty of fraud.

(7) Any person convicted of the crime of fraud under this section shall be:

(a) Punished by imprisonment in the State Penitentiary for a term not exceeding three (3) years, and fined not less than One Thousand Dollars ($1,000.00) nor more than Ten Thousand Dollars ($10,000.00); or

(b) Punished by imprisonment in the county jail for a term not exceeding one (1) year, and fined not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00); and

(c) Ordered to make full restitution of the money or services or the value of those services unlawfully received; and

(d) Where the legislation creating a program allows, suspended from participation in the program for the length of time allowed by the legislation creating the program.

(8) This section shall not prohibit prosecution under any other criminal statute of this state or the United States.

Miss. Code. Ann. § 97-19-71

**§ 1-3-11. Felony**.
The term "felony," when used in any statute, shall mean any violation of law punished with death or confinement in the penitentiary.

Miss. Code. Ann. § 1-3-11

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Missouri | Felony | Mo. Rev. Stat. § 205.967<br>Mo. Rev. Stat. § 570.030 |

In Missouri, it is considered stealing to obtain or attempt to obtain public benefits unlawfully. Stealing is a felony when the value of the benefits is over $750.

**§ 205.969. Public assistance benefits, defined — obtaining benefits unlawfully, penalty — actions to recover**.
1. As used in this section.
> (1) "Public assistance benefits, programs and services" means anything of value, including money, food, food stamps, commodities, clothing, utilities, utilities payments, shelter, drugs and medicine, materials, goods, and any service, including institutional care, medical care, dental care, child care, psychiatric and psychological service, rehabilitation instruction, training, or counseling provided pursuant to chapters 198, 207, 208, 209, and 660, or benefits, programs, and services provided or administered by the department of social services;
> (2) The term "person" means any individual or corporation who received any form of public assistance benefit in any manner for any reason.

2. Any person or corporation who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by willful concealment or failure to report any fact or event required to be reported by any law, regulation, or rule of this state or the United States, or by impersonation, collusion, or other fraudulent device, any public assistance benefits, programs, and services, shall be guilty of the crime of stealing as defined by section 570.030 and shall be punished as provided in section 570.030.

3. If at any time during the continuance of assistance to any person or corporation, the recipient thereof becomes possessed of any money, property, or income, from any source in any way or reason, it shall be the duty of the recipient to notify the person to whom that recipient's case is assigned, within ten days of the receipt of the money, income, or property, and that person may, after investigation, if required, cancel or modify the assistance payment in accordance with the circumstances.
…

Mo. Rev. Stat. § 205.967

**§ 570.030. Stealing – penalties**.
1. A person commits the offense of stealing if he or she:
> (1) Appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(2) Attempts to appropriate anhydrous ammonia or liquid nitrogen of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion; or

(3) For the purpose of depriving the owner of a lawful interest therein, receives, retains or disposes of property of another knowing that it has been stolen, or believing that it has been stolen.

2. The offense of stealing is a class A felony if the property appropriated consists of any of the following containing any amount of anhydrous ammonia: a tank truck, tank trailer, rail tank car, bulk storage tank, field nurse, field tank or field applicator.

3. The offense of stealing is a class B felony if:

(1) The property appropriated or attempted to be appropriated consists of any amount of anhydrous ammonia or liquid nitrogen;

(2) The property consists of any animal considered livestock as the term livestock is defined in section 144.010, or any captive wildlife held under permit issued by the conservation commission, and the value of the animal or animals appropriated exceeds three thousand dollars and that person has previously been found guilty of appropriating any animal considered livestock or captive wildlife held under permit issued by the conservation commission. Notwithstanding any provision of law to the contrary, such person shall serve a minimum prison term of not less than eighty percent of his or her sentence before he or she is eligible for probation, parole, conditional release, or other early release by the department of corrections;

(3) A person appropriates property consisting of a motor vehicle, watercraft, or aircraft, and that person has previously been found guilty of two stealing-related offenses committed on two separate occasions where such offenses occurred within ten years of the date of occurrence of the present offense;

(4) The property appropriated or attempted to be appropriated consists of any animal considered livestock as the term is defined in section 144.010 if the value of the livestock exceeds ten thousand dollars; or

(5) The property appropriated or attempted to be appropriated is owned by or in the custody of a financial institution and the property is taken or attempted to be taken physically from an individual person to deprive the owner or custodian of the property.

4. The offense of stealing is a class C felony if the value of the property or services appropriated is twenty-five thousand dollars or more.

5. The offense of stealing is a class D felony if:

(1) The value of the property or services appropriated is seven hundred fifty dollars or more;

(2) The offender physically takes the property appropriated from the person of the victim; or

(3) The property appropriated consists of:

(a) Any motor vehicle, watercraft or aircraft;

(b) Any will or unrecorded deed affecting real property;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|----------------------|
| | (c) Any credit device, debit device or letter of credit; | |

(d) Any firearms;

(e) Any explosive weapon as defined in section 571.010;

(f) Any United States national flag designed, intended and used for display on buildings or stationary flagstaffs in the open;

(g) Any original copy of an act, bill or resolution, introduced or acted upon by the legislature of the state of Missouri;

(h) Any pleading, notice, judgment or any other record or entry of any court of this state, any other state or of the United States;

(i) Any book of registration or list of voters required by chapter 115;

(j) Any animal considered livestock as that term is defined in section 144.010;

(k) Any live fish raised for commercial sale with a value of seventy-five dollars or more;

(l) Any captive wildlife held under permit issued by the conservation commission;

(m) Any controlled substance as defined by section 195.010;

(n) Ammonium nitrate;

(o) Any wire, electrical transformer, or metallic wire associated with transmitting telecommunications, video, internet, or voice over internet protocol service, or any other device or pipe that is associated with conducting electricity or transporting natural gas or other combustible fuels; or

(p) Any material appropriated with the intent to use such material to manufacture, compound, produce, prepare, test or analyze amphetamine or methamphetamine or any of their analogues.

6. The offense of stealing is a class E felony if:

(1) The property appropriated is an animal; or

(2) A person has previously been found guilty of three stealing-related offenses committed on three separate occasions where such offenses occurred within ten years of the date of occurrence of the present offense.

7. The offense of stealing is a class D misdemeanor if the property is not of a type listed in subsection 2, 3, 5, or 6 of this section, the property appropriated has a value of less than one hundred fifty dollars, and the person has no previous findings of guilt for a stealing-related offense.

8. The offense of stealing is a class A misdemeanor if no other penalty is specified in this section.

9. If a violation of this section is subject to enhanced punishment based on prior findings of guilt, such findings of guilt shall be pleaded and proven in the same manner as required by section 558.021.

10. The appropriation of any property or services of a type listed in subsection 2, 3, 5, or 6 of this section or of a value of seven hundred fifty dollars or more may be considered a separate felony and may be charged in separate counts.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| 11. The value of property or services appropriated pursuant to one scheme or course of conduct, whether from the same or several owners and whether at the same or different times, constitutes a single criminal episode and may be aggregated in determining the grade of the offense, except as set forth in subsection 10 of this section.<br><br>Mo. Rev. Stat. § 570.030 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|
| Montana | Felony | Mont. Code Ann. § 53-2-107<br>Mont. Code Ann. § 45-6-301<br>Mont. Code Ann. § 45-2-101 |

In Montana, it is considered theft to obtain public assistance through fraud. Theft is a felony if the benefits obtain are valued at $1,500 or more.

**§ 53-2-107. Fraudulent obtaining of public assistance treated as theft**.
Whoever knowingly obtains by means of a willfully false statement, representation, or impersonation or other fraudulent device public assistance to which the person is not entitled is guilty of theft as provided in 45-6-301.

Mont. Code Ann. § 53-2-107

**§ 45-6-301. Theft**.
(1) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
    (a) has the purpose of depriving the owner of the property;
    (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
    (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.
(2) A person commits the offense of theft when the person purposely or knowingly obtains by threat or deception control over property of the owner and:
    (a) has the purpose of depriving the owner of the property;
    (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
    (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.
(3) A person commits the offense of theft when the person purposely or knowingly obtains control over stolen property knowing the property to have been stolen by another and:
    (a) has the purpose of depriving the owner of the property;
    (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
    (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(4) A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over any part of any public assistance provided under Title 52 or 53 by a state or county agency, regardless of the original source of assistance, by means of:

    (a) a knowingly false statement, representation, or impersonation; or

    (b) a fraudulent scheme or device.

(5) A person commits the offense of theft when the person purposely or knowingly obtains or exerts or helps another obtain or exert unauthorized control over any part of any benefits provided under Title 39, chapter 71, by means of:

    (a) a knowingly false statement, representation, or impersonation; or

    (b) deception or other fraudulent action.

(6) A person commits the offense of theft of property by embezzlement when, with the purpose to deprive the owner of the property, the person:

    (a) purposely or knowingly obtains or exerts unauthorized control over property of the person's employer or over property entrusted to the person; or

    (b) purposely or knowingly obtains by deception control over property of the person's employer or over property entrusted to the person.

(7)

    (a) Except as provided in subsections (7)(b) and (7)(d), a person convicted of a first offense of the offense of theft of property not exceeding $1,500 in value shall be fined an amount not to exceed $500. A person convicted of a second offense shall be fined an amount not to exceed $500 or be imprisoned in the county jail for a term not to exceed 6 months, or both. A person convicted of a third or subsequent offense shall be fined an amount not to exceed $500 and be imprisoned in the county jail for a term of not less than 5 days or more than 1 year.

    (b)(i)  Except as provided in subsection (7)(c), a person convicted of the offense of theft of property that exceeds $1,500 in value and does not exceed $5,000 in value shall be fined an amount not to exceed $1,500 or be imprisoned in the state prison for a term not to exceed 3 years, or both. A person convicted of a second offense shall be fined an amount not to exceed $1,500 or be imprisoned in the state prison for a term not to exceed 5 years, or both. A person convicted of a third or subsequent offense shall be imprisoned in the state prison for a term of not less than 2 years or more than 5 years and may be fined an amount not to exceed $5,000.

    (ii) A person convicted of the theft of property exceeding $5,000 in value or as part of a common scheme as defined in 45-2-101, or the theft of any amount of anhydrous ammonia for the purpose of manufacturing dangerous drugs, shall be fined an amount not to exceed $10,000 or be imprisoned in a state prison for a term not to exceed 10 years, or both.

    (iii) A person convicted of the theft of any commonly domesticated hoofed animal shall be fined an amount of not less than $5,000 or more than $50,000 or be imprisoned in a state prison for a term not to exceed 10 years, or both. If a prison term is

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

deferred, the court shall order the offender to perform 416 hours of community service during a 1-year period, in the offender's county of residence. In addition to the fine and imprisonment, the offender's property is subject to criminal forfeiture pursuant to 45-6-328 and 45-6-329.

(c) A person convicted of the offense of theft of property exceeding $10,000 in value by embezzlement shall be imprisoned in a state prison for a term of not less than 1 year or more than 10 years and may be fined an amount not to exceed $50,000. The court may, in its discretion, place the person on probation with the requirement that restitution be made under terms set by the court. If the terms are not met, the required prison term may be ordered.

(d) A person convicted of a first offense for the offense of theft of property not exceeding $1,500 in value and who utilized an emergency exit in furtherance of that offense shall be fined an amount not to exceed $500 or be imprisoned in the county jail for a term not to exceed 6 months, or both. On a second conviction, the offender shall be fined an amount not to exceed $1,000 or be imprisoned in the county jail for a term not to exceed 1 year, or both. On a third conviction, the offender shall be fined an amount not to exceed $5,000 and be imprisoned in the county jail for a term of not less than 5 days or more than 1 year.

(8) Amounts involved in thefts committed pursuant to a common scheme or the same transaction, whether from the same person or several persons, may be aggregated in determining the value of the property.

(9) A person convicted of the offense of theft of property not exceeding $100 in value is presumed to qualify for a deferred imposition of sentence as long as the person has not been convicted of a misdemeanor or felony offense in the past 5 years.

Mont. Code Ann. § 45-6-301

**§ 45-2-101. General Definitions**.

…

(23)  "Felony" means an offense in which the sentence imposed upon conviction is death or imprisonment in a state prison for a term exceeding 1 year

…

Mont. Code Ann. § 45-2-101

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Nebraska | Felony | Neb. Rev. Stat. § 68-1017.01 |

In Nebraska, it is a misdemeanor or felony to obtain or use food stamps in an unlawful manner. It is a felony if the benefits are valued at $1,500 or more.

**§ 68-1017.01. Supplemental Nutrition Assistance Program; violations; penalties**.
(1) A person commits an offense if he or she knowingly uses, alters, or transfers any Supplemental Nutrition Assistance Program benefits or electronic benefit cards or any authorizations to participate in the Supplemental Nutrition Assistance Program in any manner not authorized by law. An offense under this subsection shall be a Class IV misdemeanor if the value of the Supplemental Nutrition Assistance Program benefits, electronic benefit cards, or authorizations is less than five hundred dollars, shall be a Class III misdemeanor if the value is five hundred dollars or more but less than one thousand five hundred dollars, and shall be a Class IV felony if the value is one thousand five hundred dollars or more.
(2) A person commits an offense if he or she knowingly (a) possesses any Supplemental Nutrition Assistance Program benefits or electronic benefit cards or any authorizations to participate in the Supplemental Nutrition Assistance Program when such individual is not authorized by law to possess them, (b) redeems Supplemental Nutrition Assistance Program benefits or electronic benefit cards when he or she is not authorized by law to redeem them, or (c) redeems Supplemental Nutrition Assistance Program benefits or electronic benefit cards for purposes not authorized by law. An offense under this subsection shall be a Class IV misdemeanor if the value of the Supplemental Nutrition Assistance Program benefits, electronic benefit cards, or authorizations is less than five hundred dollars, shall be a Class III misdemeanor if the value is five hundred dollars or more but less than one thousand five hundred dollars, and shall be a Class IV felony if the value is one thousand five hundred dollars or more.
(3) A person commits an offense if he or she knowingly possesses blank authorizations to participate in the Supplemental Nutrition Assistance Program when such possession is not authorized by law. An offense under this subsection shall be a Class IV felony.
(4) When any Supplemental Nutrition Assistance Program benefits or electronic benefit cards or any authorizations to participate in the Supplemental Nutrition Assistance Program of various values are obtained in violation of this section pursuant to one scheme or a continuing course of conduct, whether from the same or several sources, such conduct may be considered as one offense, and the values aggregated in determining the grade of the offense.

Neb. Rev. Stat. § 68-1017.01

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Nevada | Felony | Nev. Rev. Stat. § 442A.700 |

In Nevada, it is a felony to fraudulently obtain public benefits.

**§ 422A.700. Fraudulent acts; penalties**.
1. Unless a different penalty is provided pursuant to NRS 422.361 to 422.369, inclusive, or 422.450 to 422.590, inclusive, a person who knowingly and designedly, by any false pretense, false or misleading statement, impersonation or misrepresentation, obtains or attempts to obtain monetary or any other public assistance, or money, property, medical or remedial care or any other service provided pursuant to the Children's Health Insurance Program, having a value of $100 or more, whether by one act or a series of acts, with the intent to cheat, defraud or defeat the purposes of this chapter is guilty of a category E felony and shall be punished as provided in NRS 193.130. In addition to any other penalty, the court shall order the person to pay restitution.
2. For the purposes of subsection 1, whenever a recipient of Temporary Assistance for Needy Families pursuant to the provisions of this chapter receives an overpayment of benefits for the third time and the overpayments have resulted from a false statement or representation by the recipient or from the failure of the recipient to notify the Division of a change in circumstances which would affect the amount of assistance the recipient receives, a rebuttable presumption arises that the payment was fraudulently received.
3. For the purposes of subsection 1, "public assistance" includes any money, property, medical or remedial care or any other service provided pursuant to a state plan.

Nev. Rev. Stat. § 442A.700

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| New Hampshire | Felony | N.H. Rev. Stat. Ann. § 167:17-b<br>N.H. Rev. Stat. Ann. § 167:17-c |

In New Hampshire, it is a felony to obtain food stamps through fraud if the benefits are valued at more than $1,000.

**§ 167:17-b. Prohibited Acts**.
I. No person shall:
   (a) By means of an intentionally false statement or misrepresentation or by impersonation or other fraudulent act or device, obtain or attempt to obtain, or aid or abet any person in obtaining any assistance or benefit or payment under RSA 161 or RSA 167 to which he is not entitled;
   (b) With intent to defraud the department of health and human services, buy or aid or abet in the purchase or the disposal of the property of a person receiving assistance or food stamps under RSA 161 or RSA 167, so as to affect the recipient's eligibility for assistance, without the consent of the commissioner of the department of health and human services;
   (c) [Repealed.]
   (d) Intentionally fail to disclose the receipt of property, wages, income or resources or any change in circumstances which would affect his eligibility for assistance or his initial or continued right to any benefit or payment for the purpose of receiving any assistance, benefit or payment under RSA 167 or RSA 161 to which he is not entitled;
   (e) Knowingly use, transfer, acquire, alter, sell or possess food stamps or authorization to issue food stamps in any manner not authorized by the Federal Food Stamp Act, as amended, or by the federal regulations or state rules adopted pursuant to the act;
   (f) Present or cause to be presented food stamps for payment or redemption, knowing the stamps were received, transferred or used in any manner not authorized by the Federal Food Stamp Act, as amended, or by the federal regulations or state rules adopted pursuant to the act;
   (g), (h) [Repealed.]
II. When a person receiving assistance is convicted of an offense under this section, the commissioner of the department of health and human services shall discontinue his assistance, if such action has not already been taken.

N.H. Rev. Stat. Ann. § 167:17-b

**§ 167:17-c. Penalties**.
I. Any natural person who violates RSA 167:17-b shall, unless otherwise specified, be guilty of:
   (a) A class A felony if the value of the monetary award or goods or services in question exceeds $1,500;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(b) A class B felony if the value of the monetary award or goods or services in question exceeds $1,000 but does not exceed $1,500; or

(c) A misdemeanor if the value of the monetary award or goods or services in question is $1,000 or less.

II. Any other person who violates RSA 167:17-b shall, unless otherwise specified, be guilty of:

(a) A felony if the value of the monetary award or goods or services in question exceeds $1,000; or

(b) A misdemeanor if the value of the monetary award or goods or services in question is $1,000 or less.

III. In the case of any natural person convicted of fraudulently using, presenting, transferring, acquiring, receiving, possessing or altering food stamps, the court may permit such person to perform work approved by the court for the purpose of providing restitution for losses incurred by the United States and the department of health and human services as a result of the offense for which such person was convicted. If the court permits such person to perform such work and such person agrees thereto, the court shall withhold the imposition of the sentence on the condition that such person perform the assigned work. Upon the successful completion of the assigned work the court may suspend such sentence.

N.H. Rev. Stat. Ann. § 167:17-c

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| New Jersey | Equivocal | N.J. Stat. Ann. § 44:8-140.1 |
| | | N.J. Stat. Ann. § 30:4D-17 |
| | | N.J. Stat. Ann. § 2C:1-4 |

In New Jersey, it is a crime of the third degree to obtain benefits through unlawful means. New Jersey does not use the terms felony and misdemeanor, but rather uses "crimes" and "disorderly person offenses" as equivalent terms respectively.

**§ 44:8-140. Wrongfully obtaining benefits; civil and criminal penalties**.
A person who willfully obtains benefits to which he is not entitled and a provider who willfully receives payments to which he is not entitled under the "Work First New Jersey General Public Assistance Act," P.L.1947, c. 156 (C.44:8-107 et seq.), shall be subject to the applicable civil and criminal penalties contained in the "New Jersey Medical Assistance and Health Services Act," P.L.1968, c. 413 (C.30:4D-1 et seq.).

N.J. Stat. Ann. § 44:8-140.1

**§ 30:4D-17. Penalties for violation of act; criminal and civil; judgments.**
(a) Any person who willfully obtains benefits under P.L.1968, c. 413 (C.30:4D-1 et seq.) to which a person is not entitled or in a greater amount than that to which a person is entitled and any provider who willfully receives medical assistance payments to which a provider is not entitled or in a greater amount than that to which a provider is entitled is guilty of a crime of the third degree, provided, however, that the presumption of nonimprisonment set forth in subsection e. of N.J.S.2C:44-1 for persons who have not previously been convicted of an offense shall not apply to a person who is convicted under the provisions of this subsection.
(b) Any provider, or any person, firm, partnership, corporation, or entity, who:
    (1) Knowingly and willfully makes or causes to be made any false statement or representation of a material fact in any cost study, claim form, or any document necessary to apply for or receive any benefit or payment under P.L.1968, c. 413; or
    (2) At any time knowingly and willfully makes or causes to be made any false statement, written or oral, of a material fact for use in determining rights to such benefit or payment under P.L.1968, c. 413; or
    (3) Conceals or fails to disclose the occurrence of an event which
        (i) affects a person's initial or continued right to any such benefit or payment, or
        (ii) affects the initial or continued right to any such benefit or payment of any provider or any person, firm, partnership, corporation, or other entity in whose behalf a person has applied for or is receiving such benefit or payment with an intent to fraudulently secure benefits or payments not authorized under P.L.1968, c. 413 or in a greater amount than that which is authorized under P.L.1968, c. 413; or

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

(4) Knowingly and willfully converts benefits or payments or any part thereof received for the use and benefit of any provider or any person, firm, partnership, corporation, or other entity to a use other than the use and benefit of such provider or such person, firm, partnership, corporation, or entity; is guilty of a crime of the third degree, provided, however, that the presumption of nonimprisonment set forth in subsection e. of N.J.S.2C:44-1 for persons who have not previously been convicted of an offense shall not apply to a person who is convicted under the provisions of this subsection.

…

(e) Any person, firm, corporation, partnership, or other legal entity who violates the provisions of any of the foregoing subsections of this section or any provisions of section 3 of P.L.2007, c. 265 (C.2A:32C-3), shall, in addition to any other penalties provided by law, be liable to civil penalties of: (1) payment of interest on the amount of the excess benefits or payments at the maximum legal rate in effect on the date the payment was made to said person, firm, corporation, partnership or other legal entity for the period from the date upon which payment was made to the date upon which repayment is made to the State; (2) payment of an amount not to exceed three-fold the amount of such excess benefits or payments; and (3) payment in the sum of not less than and not more than the civil penalty allowed under the federal False Claims Act (31 U.S.C. s.3729 et seq.), as it may be adjusted for inflation pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, Pub.L.101-410 for each excessive claim for assistance, benefits or payments.

…

(k) Notwithstanding the provisions of N.J.S.2C:43-3 to the contrary, but in addition to any other penalty or disposition that may be imposed by law:
(1) a person who violates the provisions of subsection (a), (b), or (c) of this section shall be liable to a penalty of not less than $15,000 and not more than $25,000 for each violation; and
(2) a person who violates the provisions of subsection (d) of this section shall be liable to a penalty of not less than $10,000 and not more than $25,000 for each violation.
(l) A person who violates the provisions of subsection (a), (b), or (c) of this section under circumstances in which the aggregate amount obtained or sought to be obtained is $1,000 or more, who has previously been convicted of a violation of the provisions of subsection (a), (b), or (c) of this section within 10 years of the current violation, under circumstances where the aggregate amount obtained or sought to be obtained was $1,000 or more, is guilty of a crime of the second degree and, in addition to any other penalty or disposition authorized by law and notwithstanding the provisions of N.J.S.2C:43-3 to the contrary, shall be liable to a penalty of not less than $25,000 and not more than $150,000 for each such repeat violation.

N.J. Stat. Ann. § 30:4D-17

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| **§ 2C:1-4. Classes of offenses**.<br><br>a. An offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State. Crimes are designated in this code as being of the first, second, third or fourth degree.<br><br>b. An offense is a disorderly persons offense if it is so designated in this code or in a statute other than this code. An offense is a petty disorderly persons offense if it is so designated in this code or in a statute other than this code. Disorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State. There shall be no right to indictment by a grand jury nor any right to trial by jury on such offenses. Conviction of such offenses shall not give rise to any disability or legal disadvantage based on conviction of a crime.<br><br>c. An offense defined by any statute of this State other than this code shall be classified as provided in this section or in section 2C:43-1 and, except as provided in section 2C:1-5b and chapter 43, the sentence that may be imposed upon conviction thereof shall hereafter be governed by this code. Insofar as any provision outside the code declares an offense to be a misdemeanor when such offense specifically provides a maximum penalty of 6 months' imprisonment or less, whether or not in combination with a fine, such provision shall constitute a disorderly persons offense.<br><br>d. Subject to the provisions of section 2C:43-1, reference in any statute, rule, or regulation outside the code to the term "high misdemeanor" shall mean crimes of the first, second, or third degree and reference to the term "misdemeanor" shall mean all crimes.<br><br>N.J. Stat. Ann. § 2C:1-4 | | |

Document 12-1

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|
| New Mexico | Felony | N.M. Stat. Ann. § 30-40-1<br>N.M. Stat. Ann. § 30-40-4 |

In New Mexico, it is a felony make a false claim in order to obtain public assistance. Additionally, it is a felony to fail to disclose facts in order to obtain public assistance, unless the benefits are valued at $250 or less.

**§ 30-40-1. Failing to disclose facts or change of circumstances to obtain public assistance**.
A. Failing to disclose facts or change of circumstances to obtain public assistance consists of a person knowingly failing to disclose a material fact known to be necessary to determine eligibility for public assistance or knowingly failing to disclose a change in circumstances for the purpose of obtaining or continuing to receive public assistance to which the person is not entitled or in amounts greater than that to which the person is entitled.
B. Whoever commits failing to disclose facts or change of circumstances to obtain public assistance when the value of the assistance wrongfully received is two hundred fifty dollars ($250) or less in any twelve consecutive months is guilty of a petty misdemeanor.
C. Whoever commits failing to disclose facts or change of circumstances to obtain public assistance when the value of the assistance wrongfully received is more than two hundred fifty dollars ($250) but not more than five hundred dollars ($500) in any twelve consecutive months is guilty of a misdemeanor.
D. Whoever commits failing to disclose facts or change of circumstances to obtain public assistance when the value of the assistance wrongfully received is more than five hundred dollars ($500) but not more than two thousand five hundred dollars ($2,500) in any twelve consecutive months is guilty of a fourth degree felony.
E. Whoever commits failing to disclose facts or change of circumstances to obtain public assistance when the value of the assistance wrongfully received is more than two thousand five hundred dollars ($2,500) but not more than twenty thousand dollars ($20,000) in any twelve consecutive months is guilty of a third degree felony.
F. Whoever commits failing to disclose facts or change of circumstances to obtain public assistance when the value of the assistance wrongfully received exceeds twenty thousand dollars ($20,000) in any twelve consecutive months is guilty of a second degree felony.

N.M. Stat. Ann. § 30-40-1

**§ 30-40-4. Making or permitting a false claim for reimbursement for public assistance**.
A. Making or permitting a false claim for reimbursement of public assistance services consists of knowingly making, causing to be made or permitting to be made a claim for reimbursement for services provided to a recipient of public assistance for services not

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | rendered or making a false material statement or forged signature upon any claim for services, with intent that the claim shall be relied upon for the expenditure of public money.<br>B. Whoever commits making or permitting a false claim for reimbursement for public assistance services is guilty of a fourth degree felony.<br><br>N.M. Stat. Ann. § 30-40-4 | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| New York | Felony | N.Y. Penal Law § 158<br>N.Y. Penal Law § 158.05<br>N.Y. Penal Law § 158.10<br>N.Y. Penal Law § 158.15<br>N.Y. Penal Law § 158.20<br>N.Y. Penal Law § 158.25 |

In New York, it is either a misdemeanor or felony to obtain or try to obtain welfare through fraud. It is a felony if the benefits are valued at more than $1,000.

**§ 158. Definitions; presumption; limitation**.
1. Definitions. The following definitions are applicable to this article:
(a) "Public benefit card" means any medical assistance card, food stamp assistance card, public assistance card, or any other identification, authorization card or electronic access device issued by the state or a social services district, as defined in subdivision seven of section two of the social services law, which entitles a person to obtain public assistance benefits under a local, state, or federal program administered by the state, its political subdivisions, or social services districts.
(b) "Fraudulent welfare act" means knowingly and with intent to defraud, engaging in an act or acts pursuant to which a person:
    (1) offers, presents or causes to be presented to the state, any of its political subdivisions or social services districts, or any employee or agent thereof, an oral or written application or request for public assistance benefits or for a public benefit card with knowledge that the application or request contains a false statement or false information, and such statement or information is material, or
    (2) holds himself or herself out to be another person, whether real or fictitious, for the purpose of obtaining public assistance benefits, or
    (3) makes a false statement or provides false information for the purpose of (i) establishing or maintaining eligibility for public assistance benefits or (ii) increasing or preventing reduction of public assistance benefits, and such statement or information is material.
(c) "Public assistance benefits" means money, property or services provided directly or indirectly through programs of the federal government, the state government or the government of any political subdivision within the state and administered by the department of social services or social services districts.

N.Y. Penal Law § 158

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

**§ 158.05. Welfare fraud in the fifth degree**.
A person is guilty of welfare fraud in the fifth degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits.
Welfare fraud in the fifth degree is a class A misdemeanor.

N.Y. Penal Law § 158.05

**§ 158.10. Welfare fraud in the fourth degree**.
A person is guilty of welfare fraud in the fourth degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits, and when the value of the public assistance benefits exceeds one thousand dollars.
Welfare fraud in the fourth degree is a class E felony.

N.Y. Penal Law § 156.10

**§ 158.15. Welfare fraud in the third degree**.
A person is guilty of welfare fraud in the third degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits, and when the value of the public assistance benefits exceeds three thousand dollars.
Welfare fraud in the third degree is a class D felony.

N.Y. Penal Law § 158.15

**§ 158.20. Welfare fraud in the second degree**.
A person is guilty of welfare fraud in the second degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits, and when the value of the public assistance benefits exceeds fifty thousand dollars.
Welfare fraud in the second degree is a class C felony.

N.Y. Penal Law § 158.20

**§ 158.25. Welfare fraud in the first degree**.
A person is guilty of welfare fraud in the first degree when he or she commits a fraudulent welfare act and thereby takes or obtains public assistance benefits, and when the value of the public assistance benefits exceeds one million dollars.
Welfare fraud in the first degree is a class B felony.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| N.Y. Penal Law § 158.25 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| North Carolina | Felony | N.C. Gen. Stat. § 108A-53 |

In North Carolina, it is a felony to fraudulently obtain or to attempt to obtain food stamps if the benefits are valued at more than $400.

**§ 108A-53. Fraudulent misrepresentation**.
(a) Any person, whether provider or recipient or person representing himself as such, who knowingly obtains or attempts to obtain, or aids or abets any person to obtain by means of making a willfully false statement or representation or by impersonation or by failing to disclose material facts or in any manner not authorized by this Part or the regulations issued pursuant thereto, transfers with intent to defraud any electronic food and nutrition benefit to which that person is not entitled in the amount of four hundred dollars ($400.00) or less shall be guilty of a Class 1 misdemeanor. Whoever knowingly obtains or attempts to obtain, or aids or abets any person to obtain by means of making a willfully false statement or representation or by impersonation or by failing to disclose material facts or in any manner not authorized by this Part or the regulations issued pursuant thereto, transfers with intent to defraud any electronic food and nutrition benefit to which he is not entitled in an amount more than four hundred dollars ($400.00) shall be guilty of a Class I felony.
(b) Whoever presents, or causes to be presented, electronic food and nutrition benefits for payment or redemption, knowing the same to have been received, transferred, or used in any manner in violation of the provisions of this Part or the regulations issued pursuant to this Part shall be guilty of a Class 1 misdemeanor.
(c) Whoever receives any electronic food and nutrition benefits for any consumable item knowing that such benefits were procured fraudulently under subsections (a) and/or (b) of this section shall be guilty of a Class 1 misdemeanor.
(d) Whoever receives any electronic food and nutrition benefits for any consumable item whose exchange is prohibited by the United States Department of Agriculture shall be guilty of a Class 1 misdemeanor.

N.C. Gen. Stat. § 108A-53

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| North Dakota | Felony | N.D. Cent. Code § 12.1-23.02<br>N.D. Cent. Code § 12.1-23-05 |

North Dakota does not have a statute directly addressing fraud relating to food stamps, however, the state relies upon a general theft statute in such situations. *See State v. Hatch*, 346 N.W.2d 268 (N.D. 1984) (affirming conviction under N.D. Cent. Code § 12.1-23-02 when defendant obtained unemployment benefits by falsely claiming he was not employed). Under the theft statute, it is a felony if the value of the property stolen exceeds $1,000.

**12.1-23-02. Theft of property**.
A person is guilty of theft if he:
1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;
2. Knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or
3. Knowingly receives, retains, or disposes of property of another which has been stolen,
with intent to deprive the owner thereof.

N.D. Cent. Code § 12.1-23-02

**12.1-23-05. Grading of theft offenses**.
1. Notwithstanding subsection 3, theft under this chapter is a class A felony if the property or services stolen exceed fifty thousand dollars in value.
2. Notwithstanding the provisions of subsection 3, theft under this chapter is a class B felony if the property or services stolen exceed ten thousand dollars in value but do not exceed fifty thousand dollars or are acquired or retained by a threat to commit a felony.
3. Theft under this chapter is a class C felony if:
    a. The property or services stolen exceed one thousand dollars in value;
    b. The property or services stolen are acquired or retained by threat and (1) are acquired or retained by a public servant by a threat to take or withhold official action, or (2) exceed one hundred dollars in value;
    c. The property or services stolen exceed one hundred dollars in value and are acquired or retained by a public servant in the course of official duties;
    d. The property stolen is a firearm, ammunition, or an explosive or destructive device;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | e. The property consists of any government file, record, document, or other government paper stolen from any government office or from any public servant; | |
| | f. The defendant is in the business of buying or selling stolen property and the defendant receives, retains, or disposes of the property in the course of that business; | |
| | g. The property stolen consists of any implement, paper, or other thing uniquely associated with the preparation of any money, stamp, bond, or other document, instrument, or obligation of this state; | |
| | h. The property stolen consists of livestock taken from the premises of the owner; | |
| | i. The property stolen consists of a key or other implement uniquely suited to provide access to property the theft of which would be a felony and it was stolen to gain such access; | |
| | j. The property stolen is a card, plate, or other credit device existing for the purpose of obtaining money, property, labor, or services on credit, or is a debit card, electronic fund transfer card, code, or other means of access to an account for the purposes of initiating electronic fund transfers; or | |
| | k. The property stolen is a prescription drug as defined in section 43-15.3-01, except when the quantity stolen is five or fewer capsules, pills, or tablets. | |
| | 4. All other theft under this chapter is a class A misdemeanor, unless the requirements of subsection 5 are met. | |
| | 5. Theft under this chapter of property or services of a value not exceeding five hundred dollars is a class B misdemeanor if: | |
| | a. The theft was not committed by threat; | |
| | b. The theft was not committed by deception by one who stood in a confidential or fiduciary relationship to the victim of the theft; and | |
| | c. The defendant was not a public servant or an officer or employee of a financial institution who committed the theft in the course of official duties. | |
| | The special classification provided in this subsection applies if the offense is classified under this subsection in the charge or if, at sentencing, the required factors are established by a preponderance of the evidence. | |
| | N.D. Cent. Code § 12.1-23-05 | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Ohio | Felony | Ohio Rev. Code Ann. § . § 2913.46 |

In Ohio, it is a felony to obtain or possess unlawful SNAP benefits.

**§ 2913.46 Illegal use of food stamps or WIC program benefits**.
(A)
(1) As used in this section:
　　(a) "Electronically transferred benefit" means the transfer of supplemental nutrition assistance program benefits or WIC program benefits through the use of an access device.
　　(b) "WIC program benefits" includes money, coupons, delivery verification receipts, other documents, food, or other property received directly or indirectly pursuant to section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C.A. 1786, as amended.
　　(c) "Access device" means any card, plate, code, account number, or other means of access that can be used, alone or in conjunction with another access device, to obtain payments, allotments, benefits, money, goods, or other things of value or that can be used to initiate a transfer of funds pursuant to section 5101.33 of the Revised Code and the Food and Nutrition Act of 2008 ( 7 U.S.C. 2011 et seq.), or any supplemental food program administered by any department of this state or any county or local agency pursuant to section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C.A. 1786, as amended. An "access device" may include any electronic debit card or other means authorized by section 5101.33 of the Revised Code.
　　(d) "Aggregate value of supplemental nutrition assistance program benefits, WIC program benefits, and electronically transferred benefits involved in the violation" means the total face value of any supplemental nutrition assistance program benefits, plus the total face value of WIC program coupons or delivery verification receipts, plus the total value of other WIC program benefits, plus the total value of any electronically transferred benefit or other access device, involved in the violation.
　　(e) "Total value of any electronically transferred benefit or other access device" means the total value of the payments, allotments, benefits, money, goods, or other things of value that may be obtained, or the total value of funds that may be transferred, by use of any electronically transferred benefit or other access device at the time of violation.
(2) If supplemental nutrition assistance program benefits, WIC program benefits, or electronically transferred benefits or other access devices of various values are used, transferred, bought, acquired, altered, purchased, possessed, presented for redemption, or transported in violation of this section over a period of twelve months, the course of conduct may be charged as one offense and the

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|

values of supplemental nutrition assistance program benefits, WIC program benefits, or any electronically transferred benefits or other access devices may be aggregated in determining the degree of the offense.

(B) No individual shall knowingly possess, buy, sell, use, alter, accept, or transfer supplemental nutrition assistance program benefits, WIC program benefits, or any electronically transferred benefit in any manner not authorized by the Food and Nutrition Act of 2008 ( 7 U.S.C. 2011 et seq.) or section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C. 1786, as amended.

(C) No organization, as defined in division (D) of section 2901.23 of the Revised Code, shall do either of the following:

(1) Knowingly allow an employee or agent to sell, transfer, or trade items or services, the purchase of which is prohibited by the Food and Nutrition Act of 2008 ( 7 U.S.C. 2011 et seq. or section 17 of the "Child Nutrition Act of 1966," 80 Stat. 885, 42 U.S.C. 1786, as amended, in exchange for supplemental nutrition assistance program benefits, WIC program benefits, or any electronically transferred benefit;

(2) Negligently allow an employee or agent to sell, transfer, or exchange supplemental nutrition assistance program benefits, WIC program benefits, or any electronically transferred benefit for anything of value.

(D) Whoever violates this section is guilty of illegal use of supplemental nutrition assistance program benefits or WIC program benefits. Except as otherwise provided in this division, illegal use of supplemental nutrition assistance program benefits or WIC program benefits is a felony of the fifth degree. If the aggregate value of the supplemental nutrition assistance program benefits, WIC program benefits, and electronically transferred benefits involved in the violation is one thousand dollars or more and is less than seven thousand five hundred dollars, illegal use of supplemental nutrition assistance program benefits or WIC program benefits is a felony of the fourth degree. If the aggregate value of the supplemental nutrition assistance program benefits, WIC program benefits, and electronically transferred benefits involved in the violation is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, illegal use of supplemental nutrition assistance program benefits or WIC program benefits is a felony of the third degree. If the aggregate value of the supplemental nutrition assistance program benefits, WIC program benefits, and electronically transferred benefits involved in the violation is one hundred fifty thousand dollars or more, illegal use of supplemental nutrition assistance program benefits or WIC program benefits is a felony of the second degree.

Ohio Rev. Code. Ann. § 2913.46

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Oklahoma | Felony | Okla. Stat. tit. 56, § 243 |

In Oklahoma, it is either a misdemeanor or felony to fraudulently obtain food stamps. It is a felony in the benefits are valued at more than $500.

**§56-243.  Food stamp fraud - Penalties**.
A.  No person shall:
1.  Obtain;
2.  Attempt to obtain;
3.  Aid;
4.  Abet;
5.  Assist any person to obtain, by means of:
    a. a false statement or representation,
    b. false impersonation,
    c. a fictitious transfer, conveyance or encumbrance of property or income,
    d. knowing and willful failure to report to the Department of Human Services:
        (1)    income,
        (2)    personal property,
        (3)    real property,
        (4)    household members, or
        (5)    other eligibility factors,
    at the time of application or during a period of receipt of assistance, or
    e. any other fraudulent device:
        (1)    food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program, to which such applicant for food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program is not entitled, or
        (2)    a greater amount of food stamps or coupons, or a greater number of benefit or debit cards or any other device authorizing participation in the food stamp program than that amount or number which such applicant for food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program is justly entitled to;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

6.  Acquire, possess, use or transfer food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program that has been issued to another person, except as authorized by this act and the rules of the Department of Human Services;

7.  Acquire or transfer food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program, except in exchange for food or food products for human consumption.  For purposes of this paragraph, the phrase "food or food products for human consumption" shall not be construed as including alcoholic beverages, tobacco, beer, or imported foods; or

8.  Transfer any food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program, to a person who is not authorized by this act and rules of the Department of Human Services to acquire, possess, or use the transferred food stamps or coupons, or any benefit or debit card or any other device authorizing participation in the food stamp program.

B.  1.  Any person, firm or corporation who violates any of the provisions of this section shall be guilty of a:

    a. misdemeanor, if the aggregate amount of food stamps or coupons, or the aggregate value of any benefit or debit card or any other device authorizing participation in the food stamp program obtained or transferred is Five Hundred Dollars ($500.00) or less, and, upon conviction thereof, shall be punishable by a fine of not more than Five Hundred Dollars ($500.00), or by imprisonment in the county jail for not more than three (3) months, or by both such fine and imprisonment, in the discretion of the court, or

    b. felony, if the aggregate amount of food stamps or coupons, or the aggregate value of any benefit card or debit card or any other device authorizing participation in the food stamp program obtained or transferred is in excess of Five Hundred Dollars ($500.00), and, upon conviction thereof, shall be punishable by a fine of not more than Five Thousand Dollars ($5,000.00), or by imprisonment in the State Penitentiary for not more than two (2) years, or by both such fine and imprisonment, in the discretion of the court.

2.  Any store which allows purchases of prohibited items shall not be allowed to participate in the program.

3.  Any person, firm or corporation who knowingly traffics in food stamps or coupons of an aggregate value of One Hundred Dollars ($100.00) or less, or any benefit or debit card or any other device authorizing participation in the food stamp program with an aggregate value of One Hundred Dollars ($100.00) or less, shall, upon conviction, be guilty of a misdemeanor, punishable by a fine of not more than Five Hundred Dollars ($500.00), by imprisonment in the county jail for not more than three (3) months, or by both such fine and imprisonment, in the discretion of the court.

4.  Any person, firm or corporation who knowingly traffics in food stamps or coupons of an aggregate value exceeding One Hundred Dollars ($100.00), or any benefit or debit card or any other device authorizing participation in the food stamp program with an aggregate value exceeding One Hundred Dollars ($100.00), shall, upon conviction, be guilty of a felony, punishable by a

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|

fine of not more than Five Thousand Dollars ($5,000.00), by imprisonment in the State Penitentiary for not more than two (2) years, or by both such fine and imprisonment, in the discretion of the court.

5.  Any district attorney who enters into a deferred adjudication or who negotiates for a deferred sentence with a defendant charged with a violation of the provisions of this section shall present the defendant with a disqualification consent agreement as part of the deferred adjudication or sentence.

C.  As used in this section, "to traffic or trafficking in food stamps" means:

1.  The buying, selling, stealing, or otherwise effecting an exchange of food stamp benefits issued and accessed via electronic benefit transfer cards, benefit or debit cards, card numbers and personal identification numbers, or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;

2.  The exchange of firearms, ammunition, explosives, or controlled substances, as defined in Section 802 of Title 21 of the United States Code, for food stamp benefits or food stamp electronic benefit transfer cards, benefit or debit cards;

3.  The possession of stolen food stamp electronic benefit transfer cards, benefit or debit cards;

4.  Purchasing a product with food stamp benefits that has a container requiring a return deposit with the intent of obtaining cash by discarding the product and returning the container for the deposit amount, intentionally discarding the product, and intentionally returning the container for the deposit amount;

5.  Purchasing a product with food stamp benefits with the intent of obtaining cash or consideration other than eligible food by reselling the product, and subsequently intentionally reselling the product purchased with food stamp benefits in exchange for cash or consideration other than eligible food; or

6.  Intentionally purchasing products originally purchased with food stamp benefits in exchange for cash or consideration other than eligible food.

Okla. Stat. tit. 56, § 243

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Oregon | Felony | Or. Rev. Stat. § 411.840<br>Or. Rev. Stat. § 411.990<br>Or. Rev. Stat. § 161.705 |

In Oregon, fraudulently obtaining food stamps may be treated as theft and is a felony if the benefits are valued at $1,000 or more.

**§ 411.840 Unlawfully obtaining or disposing of supplemental nutrition assistance**.
(1) A person may not knowingly obtain or attempt to obtain, or aid or abet another person in obtaining or attempting to obtain, any supplemental nutrition assistance to which the person or such other person is not entitled to receive or use under ORS 411.806 to 411.845, or under any rule or regulation promulgated pursuant to ORS 411.806 to 411.845.
(2) A person may not knowingly give, sell, trade or otherwise dispose of supplemental nutrition assistance to another person who is not entitled to receive or use the assistance pursuant to ORS 411.806 to 411.845, or pursuant to any rule or regulation promulgated pursuant to ORS 411.806 to 411.845. [1963 c.599 §16; 1997 c.581 §15; 2009 c.599 §7]

Or. Rev. Stat. § 411.840

**§ 411.990 Penalties.**
(1) Violation of ORS 411.320 or 411.335 is a Class C misdemeanor.
(2) Violation of any provision of ORS 411.630 or 411.840 is a Class C felony which may be reduced to a Class A misdemeanor in accordance with ORS 161.705.
(3) Violation of ORS 411.675 is a Class C felony.
(4) Criminal prosecution of violators of ORS 411.675 shall be commenced in accordance with ORS 131.125 (8) and (9).

Or. Rev. Stat. § 411.990

**§ 161.705 Reduction of certain felonies to misdemeanors.**
Notwithstanding ORS 161.525, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when:
(1)(a) A person is convicted of any Class C felony;
(b) A person is convicted of a Class B felony pursuant to ORS 475.860 (2)(a);
(c) A person is convicted of the Class B felony of possession of marijuana pursuant to ORS 475.864 (2); or

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| (d) A person convicted of any of the felonies described in paragraphs (a) to (c) of this subsection, or of a Class A felony pursuant to ORS 166.720, has successfully completed a sentence of probation; and<br><br>(2) The court, considering the nature and circumstances of the crime and the history and character of the defendant, believes that it would be unduly harsh to sentence the defendant for a felony.<br><br>Or. Rev. Stat. § 161.750 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Pennsylvania | Misdemeanor | 62 Pa Cons. Stat. Ann. § 481(a)-(b) |

In Pennsylvania, obtaining food stamps through fraudulent means is treated as either a misdemeanor or a felony, depending on the amount of assistance fraudulently obtained. It is a felony if the benefits received are valued at $3,000 or more.

**§ 481. False Statements; Investigations; Penalty**
(a) Any person who, either prior to, or at the time of, or subsequent to the application for assistance, by means of a wilfully [sic] false statement or misrepresentation, or by impersonation or by wilfully [sic] failing to disclose a material fact regarding eligibility or other fraudulent means, secures, or attempts to secure, or aids or abets or attempts to aid or abet any person in securing assistance, or Federal food stamps, commits a crime which shall be graded as provided in subsection (b).
(b) Any person violating subsection (a) commits the grade of crime determined from the following schedule:

| Amount of Assistance of Food Stamps | Degree of Crime |
|---|---|
| $3,000 or more | Felony of the third degree |
| $1,500 to $2,999 | Misdemeanor of the first degree |
| $1,000 to $1,499 | Misdemeanor of the second degree |
| $ 999 and under, or an attempt to commit any act prohibited in subsection (a) | Misdemeanor of the third degree |

Pursuant to 42 Pa.C.S. § 1515(a)(7) (relating to jurisdiction and venue), jurisdiction over cases graded a misdemeanor of the third degree under this section shall be vested in district justices.

62 Pa Cons. Stat. Ann. § 481(a)-(b)

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Rhode Island | Felony | R.I. Gen. Laws § 40-6-16 |

In Rhode Island, it is a felony to obtain or attempt to obtain food stamps through fraud if the food stamps are worth more than $500.

**§ 40-6-16. Fraudulently use of food stamps**.
a) Any person who by any fraudulent device obtains, or attempts to obtain, or aids or abets any person to obtain, food stamps issued pursuant to the Food Stamp Act of 1964, as amended, 7 U.S.C. § 2011 et seq., shall be guilty of larceny, and upon conviction thereof, shall be punished by imprisonment of not more than five (5) years or by fine of not more than one thousand dollars ($1,000), or both, if the value of the food stamps to which one is not entitled shall exceed five hundred dollars ($500); or by imprisonment by less than one year or by a fine of not more than five hundred dollars ($500), or both, if the value of the food stamps to which one is not entitled, shall not exceed five hundred dollars ($500).
(b) Upon conviction of the felony or misdemeanor, the individual shall be ineligible to participate in the food stamp program for not less than six (6) and not more than twenty-four (24) months, as determined by the court; provided, that the disqualification applies only to the individual so convicted and does not render the entire household ineligible for the program.

R.I. Gen. Laws § 40-6-16

**§ 11-1-2. Felony, misdemeanor – Petty misdemeanor, and violation distinguished**.
Unless otherwise provided, any criminal offense which at any given time may be punished by imprisonment for a term of more than one year, or by a fine of more than one thousand dollars ($1,000), is declared to be a felony; any criminal offense which may be punishable by imprisonment for a term not exceeding one year, or by a fine of not more than one thousand dollars ($1,000), or both, is declared to be a misdemeanor; any criminal offense which may be punishable by imprisonment for a term not exceeding six (6) months or by a fine of not more than five hundred dollars ($500), or both, is declared to be a petty misdemeanor; and any offense which may be punished by only a fine of not more than five hundred dollars ($500) is declared to be a violation.

R.I. Gen. Laws § 11-1-2

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| South Carolina | Felony | S.C. Code Ann. § 16-13-430 |

In South Carolina, it is a felony to fraudulently obtain food stamps if the benefits are valued at more than $2,000.

**§ 16-13-430. Fraudulent acquisition or use of food stamps**.
(A) It is unlawful for a person to:
  (1) obtain, attempt to obtain, aid, abet, or assist any person to obtain, by means of a false statement or representation, false impersonation, fictitious transfer, conveyance, or other fraudulent device, food stamps or coupons to which an applicant is not entitled or a greater amount of food stamps or coupons than that which an applicant is justly entitled; or
  (2) to acquire, possess, use, or transfer food stamps or coupons except as authorized by law and the rules and regulations of the United States Department of Agriculture relating to these matters.
(B) It is unlawful for a person to acquire or transfer food stamps or coupons except in exchange for food or food products for human consumption, which do not include alcoholic beverages, tobacco, beer, or wine.
(C) A person who violates the provisions of this section is guilty of a:
  (1) felony if the amount of food stamps fraudulently acquired or used is of a value of ten thousand dollars or more. Upon conviction, the person must be fined not more than five thousand dollars or imprisoned not more than ten years, or both;
  (2) felony if the amount of food stamps fraudulently acquired or used is of a value of more than two thousand dollars but less than ten thousand dollars. Upon conviction, the person must be fined not more than five hundred dollars or imprisoned not more than five years, or both;
  (3) misdemeanor triable in magistrates court or municipal court, notwithstanding the provisions of Sections 22-3-540, 22-3-545, 22-3-550, and 14-25-65, if the amount of food stamps fraudulently acquired or used is of a value of two thousand dollars or less. Upon conviction, the person must be fined not more than one thousand dollars, or imprisoned not more than thirty days, or both.
(D) A mercantile establishment which allows purchases of prohibited items in exchange for food stamps or coupons or currency of the United States must be disqualified from participation in the food stamp program for a period not to exceed two years and fined not more than five thousand dollars, or both.

S.C. Code Ann. § 16-13-430

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| South Dakota | Misdemeanor | S.D. Codified Laws § 28-13-16.2 |

In South Dakota, it is a misdemeanor to obtain food stamps or public assistance through false statements.

**§ 28-13-16.2. Intentional fraud or deceit to receive assistance.**
Any applicant for assistance who knowingly makes any false statement, with intent to defraud, as to his financial status or other required information, or in any way intentionally deceives any county commissioner, or any welfare worker employed pursuant to § 28-13-22, in order to receive assistance, shall be guilty of a Class 1 misdemeanor.

S.D. Codified Laws § 28-13-16.2

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Tennessee | Felony | Tenn. Code Ann. § 71-5-314 |

In Tennessee, it is a felony to obtain fraudulent food stamps if the benefits are worth more than $100.

**§ 71-5-314. Fraudulent receipt of food assistance — Penalties — Statute of limitations**.
(a) A person commits an offense who, knowingly, obtains, or attempts to obtain, or aids, or abets any person to obtain, by means of a willfully false statement, representation, or impersonation, or by any other fraudulent means or in any manner not authorized by this part, or by the regulations or procedures issued or implemented by the department pursuant to this part, any food coupons, food stamps, or food assistance benefits provided by any electronic benefits transfer process, or any assistance provided pursuant to this part by any other means as determined by the department, to which such person is not entitled or of a greater value than that to which such person is entitled.
(b) A person commits an offense who, knowingly, in any manner not authorized by this part or the regulations or procedures implemented by the department pursuant to this part, presents for payment, or causes to be presented for payment, transfers, exchanges, sells, or otherwise uses, or aids or abets any person to present for payment, transfer, exchange, sell, or otherwise use any food coupons, food stamps or food assistance benefits, or any electronic benefits card, authorization or personal identification number, device or other thing or means issued or utilized for the purpose of providing temporary assistance benefits pursuant to this part electronically or otherwise.
(c) A person who receives food coupons, food stamps or food assistance benefits or any electronic benefits card, authorization or personal identification number, device or other thing or means issued or utilized for the purpose of providing food assistance benefits electronically or otherwise, knowing them to have been presented for payment, transferred, exchanged, sold or otherwise used in any manner not authorized by this part or the regulations or procedures implemented by the department pursuant to this part, commits an offense.
(d) An offense under this section is a Class E felony if the value of such food stamps, food coupons, or food assistance sought to be obtained, or that is obtained, is one hundred dollars ($100) or more, and upon conviction of the offense, such person shall be sentenced for such offense as provided by law, or shall be fined not less than one thousand dollars ($1,000) nor more than five thousand dollars ($5,000), or both; and, if the food stamps, food coupons, or food assistance sought to be obtained, or that is obtained, is of a value less than one hundred dollars ($100), such person commits a Class A misdemeanor and shall be sentenced or fined, or both, as provided by law.
…

Tenn. Code. Ann. § 71-5-314

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Texas | Misdemeanor | Tex. Penal Code Ann. § 31.03 |

Texas does not have a statute directly addressing fraud relating to food stamps, however, the state relies upon a general theft statute in such situations. *See Askari v. State*, 129 S.W.3d 160 (Tex. Ct. App. 2003) (affirming denial of a motion to quash an indictment for food stamp fraud brought under Tex. Penal Code Ann. § 31.03). In Texas, theft is a felony if the value of the property is $2,500 or more.

**§ 31.03 Theft**
(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
(b) Appropriation of property is unlawful if:
(1) it is without the owner's effective consent;
(2) the property is stolen and the actor appropriates the property knowing it was stolen by another; or
(3) property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen by another.

. . .

(e) Except as provided by Subsection (f), an offense under this section is:
(1) a Class C misdemeanor if the value of the property stolen is less than $100;
(2) a Class B misdemeanor if:
  (A) the value of the property stolen is $100 or more but less than $750;
  (B) the value of the property stolen is less than $100 and the defendant has previously been convicted of any grade of theft; or
  (C) the property stolen is a driver's license, commercial driver's license, or personal identification certificate issued by this state or another state;
(3) a Class A misdemeanor if the value of the property stolen is $750 or more but less than $2,500;
(4) a state jail felony if:
  (A) the value of the property stolen is $2,500 or more but less than $30,000, or the property is less than 10 head of sheep, swine, or goats or any part thereof under the value of $30,000;
  (B) regardless of value, the property is stolen from the person of another or from a human corpse or grave, including property that is a military grave marker;

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|

  (C) the property stolen is a firearm, as defined by Section 46.01;
  (D) the value of the property stolen is less than $2,500 and the defendant has been previously convicted two or more times of any grade of theft;
  (E) the property stolen is an official ballot or official carrier envelope for an election; or
  (F) the value of the property stolen is less than $20,000 and the property stolen is:
    (i) aluminum;
    (ii) bronze;
    (iii) copper; or
    (iv) brass;

. . .

(f) An offense described for purposes of punishment by Subsections (e)(1)-(6) is increased to the next higher category of offense if it is shown on the trial of the offense that:
  (1) the actor was a public servant at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of his status as a public servant;
  (2) the actor was in a contractual relationship with government at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of the contractual relationship;
  (3) the owner of the property appropriated was at the time of the offense:
  (A) an elderly individual; or
  (B) a nonprofit organization;
  (4) the actor was a Medicare provider in a contractual relationship with the federal government at the time of the offense and the property appropriated came into the actor's custody, possession, or control by virtue of the contractual relationship; or
  (5) during the commission of the offense, the actor intentionally, knowingly, or recklessly:
   (A) caused a fire exit alarm to sound or otherwise become activated;
   (B) deactivated or otherwise prevented a fire exit alarm or retail theft detector from sounding; or
   (C) used a shielding or deactivation instrument to prevent or attempt to prevent detection of the offense by a retail theft detector.

. . .

Tex. Penal Code Ann. § 31.03

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Utah | Felony | Utah Code Ann. § 76-8-1205<br>Utah Code Ann. § 76-8-1206 |

In Utah, it is a felony to obtain public assistance through fraudulent means if the benefits are valued at $1,500 or more.

**§ 76-8-1205. Public assistance fraud defined**.
Each of the following persons, who intentionally, knowingly, or recklessly commits any of the following acts, is guilty of public assistance fraud:

(1) a person who uses, transfers, acquires, traffics in, falsifies, or possesses SNAP benefits as defined in Section 35A-1-102, a SNAP identification card, a certificate of eligibility for medical services, a Medicaid identification card, a fund transfer instrument, a payment instrument, or a public assistance warrant in a manner not allowed by law;

(2) a person who fraudulently misappropriates funds exchanged for SNAP benefits as defined in Section 35A-1-102, or an identification card, certificate of eligibility for medical services, Medicaid identification card, or other public assistance with which the person has been entrusted or that has come into the person's possession in connection with the person's duties in administering a state or federally funded public assistance program;

(3) a person who receives an unauthorized payment as a result of acts described in this section;

(4) a provider who receives payment or a client who receives benefits after failing to comply with any applicable requirement in Sections 76-8-1203 and 76-8-1204;

(5) a provider who files a claim for payment under a state or federally funded public assistance program for goods or services not provided to or for a client of that program;

(6) a provider who files or falsifies a claim, report, or document required by state or federal law, rule, or provider agreement for goods or services not authorized under the state or federally funded public assistance program for which the goods or services were provided;

(7) a provider who fails to credit the state for payments received from other sources;

(8) a provider who bills a client or a client's family for goods or services not provided, or bills in an amount greater than allowed by law or rule;

(9) a client who, while receiving public assistance, acquires income or resources in excess of the amount the client previously reported to the state agency administering the public assistance, and fails to notify the state agency to which the client previously reported within 10 days after acquiring the excess income or resources;

(10) a person who fails to act as required under Section 76-8-1203 or 76-8-1204 with intent to obtain or help another obtain an "overpayment" as defined in Section 35A-3-102; and

(11) a person who obtains an overpayment by violation of Section 76-8-1203 or 76-8-1204.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| | Utah Code Ann. § 76-8-1205<br><br>**§ 76-8-1206. Penalties for public assistance fraud**.<br>(1) The severity of the offense of public assistance fraud is classified in accordance with the value of payments, assistance, or other benefits received, misappropriated, claimed, or applied for as follows:<br>      (a) second degree felony if the value is or exceeds $5,000;<br>      (b) third degree felony if the value is or exceeds $1,500 but is less than $5,000;<br>      (c) class A misdemeanor if the value is or exceeds $500 but is less than $1,500; and<br>      (d) class B misdemeanor if the value is less than $500.<br>(2) For purposes of Subsection (1), the value of an offense is calculated by aggregating the values of each instance of public assistance fraud committed by the defendant as part of the same facts and circumstances or a related series of facts and circumstances.<br>(3) Incidents of trafficking in SNAP benefits as defined in Section 35A-1-102 that occur within a six-month period, committed by an individual or coconspirators, are deemed to be a related series of facts and circumstances regardless of whether the transactions are conducted with a variety of unrelated parties.<br><br>Utah Code Ann. § 76-8-1206 | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Vermont | Felony | Vt. Stat. Ann. tit. 33, § 141<br>Vt. Stat. Ann. tit. 33, § 143 |

In Vermont, it is a felony to obtain public assistance through fraudulent means if the benefits are valued at $1,000 or more.

**§ 141(a). Fraud.**
A person who knowingly fails, by false statement, misrepresentation, impersonation, or other fraudulent means, to disclose a material fact used to determine whether that person is qualified to receive aid or benefits under a State or federally funded assistance program; or who knowingly fails to disclose a change in circumstances in order to obtain or continue to receive aid or benefits to which he or she is not entitled or in an amount larger than that to which he or she is entitled; or who knowingly aids and abets another person in the commission of any such act shall be punished as provided in section 143 of this title.

Vt. Stat. Ann. tit. 33, § 141

**§ 143(a). General penalty.**
(a) A person who knowingly violates a provision of this title for which no penalty is specifically provided shall:
  (1) If the assistance or benefits obtained pursuant to a single fraudulent scheme or a course of conduct are in violation of subsection 141(a) or (b) of this title involving $1,000.00 or less, be fined not more than the amount of assistance or benefits wrongfully obtained, or be imprisoned not more than one year, or both.
  (2) If the assistance or benefits obtained pursuant to a single fraudulent scheme or course of conduct are in violation of subsection (a) or (b) of section 141 of this title, and involve more than $1,000.00, be fined not more than an amount equal to the assistance or benefits wrongfully obtained, or be imprisoned not more than three years, or both.
  (3) If the violation is under subsection (c), (d), or (e) of section 141 of this title, be fined up to $1,000.00, or up to an amount equal to twice the amount of assistance, benefits, or payments wrongfully obtained or be imprisoned for not more than 10 years, or both.

Vt. Stat. Ann. tit. 33, § 143

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Virginia | Felony | Va. Code Ann. § 63.2-522<br>Va. Code Ann. § 18.2-95<br>Va. Code Ann. § 18.2-10 |

In Virginia, it is a Class 5 felony to obtain public assistance through fraudulent means if the benefits are valued at $1,000 or more.

**§ 63.2-522. False statements, representations, impersonations and fraudulent devices; penalty.**
Whoever obtains, or attempts to obtain, or aids or abets any person in obtaining, by means of a willful false statement or representation, or by impersonation, or other fraudulent device, public assistance or benefits from other programs designated under regulations of the Board, State Board of Health or the Board of Medical Assistance Services to which he is not entitled or who fails to comply with the provisions of § 63.2-513 is guilty of larceny.

Va. Code Ann. § 63.2-522

**§ 18.2-95. Grand larceny defined; how punished.**
Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $1,000 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than 20 years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding 12 months or fined not more than $2,500, either or both.

Va. Code Ann. § 18.2-95

**§ 18.2-10**
The authorized punishments for conviction of a felony are:
(a) For Class 1 felonies, death, if the person so convicted was 18 years of age or older at the time of the offense and is not determined to be a person with intellectual disability pursuant to § 19.2-264.3:1.1, or imprisonment for life and, subject to subdivision (g), a fine of not more than $100,000. If the person was under 18 years of age at the time of the offense or is determined to be a person with intellectual disability pursuant to § 19.2-264.3:1.1, the punishment shall be imprisonment for life and, subject to subdivision (g), a fine of not more than $100,000.
(b) For Class 2 felonies, imprisonment for life or for any term not less than 20 years and, subject to subdivision (g), a fine of not more than $100,000.

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| (c) For Class 3 felonies, a term of imprisonment of not less than five years nor more than 20 years and, subject to subdivision (g), a fine of not more than $100,000. (d) For Class 4 felonies, a term of imprisonment of not less than two years nor more than 10 years and, subject to subdivision (g), a fine of not more than $100,000. (e) For Class 5 felonies, a term of imprisonment of not less than one year nor more than 10 years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both. (f) For Class 6 felonies, a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both. Va. Code Ann. § 18.2-10 | | |

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Washington | Felony | Wash. Rev. Code Ann. § 74.08.331<br>Wash. Rev. Code Ann. § 9A.56.030 |

In Washington, it is a class B felony to obtain public assistance through fraudulent means.

**§ 74.08.331. Unlawful practices—Obtaining assistance—Disposal of realty—Penalties.**
(1) Any person who by means of a willfully false statement, or representation, or impersonation, or a willful failure to reveal any material fact, condition, or circumstance affecting eligibility or need for assistance, including medical care, surplus commodities, and food stamps or food stamp benefits transferred electronically, as required by law, or a willful failure to promptly notify the county office in writing as required by law or any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, including unemployment insurance, or any other change in circumstances affecting the person's eligibility or need for assistance, or other fraudulent device, obtains, or attempts to obtain, or aids or abets any person to obtain any public assistance to which the person is not entitled or greater public assistance than that to which he or she is justly entitled is guilty of theft in the first degree under RCW 9A.56.030 and upon conviction thereof shall be punished by imprisonment in a state correctional facility for not more than fifteen years.

Wash. Rev. Code Ann. § 74.08.331

**§ 9A.56.030. Theft in the first degree**
. . .
(2) Theft in the first degree is a class B felony.

Wash. Rev. Code Ann. § 9A.56.030

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|------------------------|
| West Virginia | Felony | W. Va. Code Ann. § 9-5-4 |

In West Virginia, it is a felony to obtain welfare assistance through fraudulent means.

**§ 9-5-4. Penalties for false statements, etc.**

Any person who obtains or attempts to obtain, or aids or abets an applicant or recipient in obtaining or attempting to obtain, by means of a willfully false statement or misrepresentation or by impersonation or any other fraudulent device:
(1) Any class of welfare assistance to which the applicant or recipient is not entitled; or
(2) Any class of welfare assistance in excess of that to which the applicant or recipient is justly entitled; shall upon conviction be punished as follows:
(a) If the aggregate value of all funds or other benefits obtained or attempted to be obtained shall be five hundred dollars or less, the person so convicted shall be guilty of a misdemeanor and shall be fined not more than one thousand dollars or confined in jail not exceeding one year; or
(b) If the aggregate value of all funds or other benefits obtained or attempted to be obtained shall exceed five hundred dollars, the person so convicted shall be guilty of a felony and shall be fined not more than five thousand dollars or confined in the penitentiary not less than one year nor more than five years.

W. Va. Code Ann. § 9-5-4

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|-------|-----------------------------------|-----------------------|
| Wisconsin | Felony | Wis. Stat. Ann. § 946.92 |

In Wisconsin, it is a Class H felony to obtain food stamps through misstatements or concealing facts.

**§946.92. Food stamp offenses.**

(2)(a) No person may misstate or conceal facts in a food stamp program application or report of income, assets or household circumstances with intent to secure or continue to receive food stamp program benefits.

…

(3)(a) Whoever violates sub. (2) is subject to the following penalties:
1. If the value of the food stamp program benefits does not exceed $100, a Class B misdemeanor.
2. Except as provided in subd. 3., if the value of the food stamp program benefits exceeds $100, but is less than $5,000, a Class I felony.
3. If the value of the food stamp program benefits exceeds $100, but is less than $5,000, and the person has a prior conviction under this section, a Class H felony.

Wis. Stat. Ann. § 946.92

| State | Felony or Misdemeanor Designation | Statutory Citation(s) |
|---|---|---|
| Wyoming | Felony | Wyo. Stat. Ann. § 42-2-112 |

In Wyoming, it is a felony to obtain supplemental nutrition assistance through fraudulent means if the benefits are valued at $500 or more.

**§ 42-2-112. Misrepresentation; penalties; recovery, termination or modification of assistance and services.**

(a) No person shall knowingly make a false statement or misrepresentation, fail to disclose a material fact, aid, abet or conspire with any other person in obtaining any form of supplemental nutrition assistance benefit under the supplemental nutrition assistance program.
(b) No person shall knowingly make a false statement or misrepresentation, fail to disclose a material fact, aid, abet or conspire with any other person in obtaining any commodity under the supplemental nutrition assistance program.
(c) No person shall knowingly trade or otherwise dispose of any supplemental nutrition assistance benefit received under the supplemental nutrition assistance program, except to a federally authorized food retailer.

…

(k) Any person violating this section is guilty of:
(i) A felony punishable by imprisonment for not more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both, if the value of the commodity, supplemental nutrition assistance benefit or other public welfare benefit under this article is five hundred dollars ($500.00) or more; or
(ii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of the commodity, supplemental nutrition assistance benefit or other public welfare benefit under this article is less than five hundred dollars ($500.00).

Wyo. Stat. Ann. § 42-2-112