IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DAVID RANGE, ) | Case. No. 5:20-CV-03488-GEKP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY A. ROSEN, Acting Attorney ) | |
| General of the United States, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACT IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

| Fact | | Evidence | |
|---|---|---|---|
| 1. | Bryan David Range, residing in Elizabethtown, Lancaster County, Pennsylvania, presently intends to purchase and possess firearms for self-defense within his own home and for hunting. | 1. | Range Decl., ¶ 1. |
| 2. | Range is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner. | 2. | Range Decl., ¶ 2. |


| Fact | | Evidence | |
|---|---|---|---|
| 3. | On August 8, 1995, Range was convicted by the Court of Common Pleas of Lancaster County, Pennsylvania, of one count of 62 Pa. C.S. § 481(a), making a false statement to obtain $2,458 in food stamps/assistance, by not fully disclosing his income. | 3. | Exh. A; Exh. B; Range Decl., ¶ 3. |
| 4. | Range's offense was graded as a first degree misdemeanor. | 4. | Exh. B. |
| 5. | In Pennsylvania, a first degree misdemeanor is punishable by up to five years' imprisonment, but carries no mandatory minimum sentence. | 5. | 18 Pa. C.S. § 1104(1) |
| 6. | At the time of Range's violation in January 1994, he was earning approximately $9-$9.50 an hour mowing lawns, taking home approximately $300 a week. | 6. | Range Decl., ¶ 4. |
| 7. | Range and his then-wife were struggling to raise three children—a three and a half year old and twin two-year olds—on this income. Range's wife could not work as she was the children's primary caregiver. | 7. | Range Decl., ¶ 4. |
| 8. | Range's wife had prepared the food stamp application, which she and Range both signed. | 8. | Range Decl., ¶ 5. |
| 9. | The application under-reported Range's income. | 9. | Range Decl., ¶ 5. |
| 10. | Range does not recall reviewing the application, but he accepted responsibility for signing it and acknowledged that it was wrong for him to receive additional food stamps without having fully disclosed his income. | 10. | Range Decl., ¶ 5. |
| 11. | Accordingly, Range agreed to plead guilty to violating 62 Pa. C.S. § 481(a). He was sentenced to three years' probation, which he successfully completed; and was assessed a $100 fine, $288.29 in costs and $2,458 in restitution, which he paid. | 11. | Range Decl., ¶¶ 5-6; Exh. A; Exh. B. |

| Fact | | Evidence | |
|---|---|---|---|
| 12. | Range's only other criminal history consists of minor traffic and parking infractions, as well as a summary fishing offense in 2011 when he could not produce a license while fishing at the Susquehanna River. Range erred in thinking that he had renewed his fishing license. He paid fines for not having the license when asked by the fishing officer, and for not having the license he claimed. The incident did not impact Range's ability to fish. | 12. | Range Decl., ¶ 7. |
| 13. | Range has never engaged in violence, nor has he ever threatened anyone with violence. | 13. | Range Decl., ¶ 8. |
| 14. | To the extent that Range has possessed firearms and other weapons, he has always been careful to keep and use these responsibly. | 14. | Range Decl., ¶ 8. |
| 15. | Range has always strived to comply with the law, including weapons laws, which he has never knowingly violated. | 15. | Range Decl., ¶ 8. |
| 16. | Range has been married for the past 18 years to his second wife, with whom he has been together for the past 25 years. | 16. | Range Decl., ¶ 9. |
| 17. | He has lived at the same address for the past 24 years. | 17. | Range Decl., ¶ 9. |
| 18. | Range and his wife have successfully raised five now-adult children. | 18. | Range Decl., ¶ 9. |
| 19. | Range has been productively employed throughout his adult life. He is in his thirteenth year of employment as a machinist, prior to which he was self-employed as a painter for five years. Before then, was employed for ten years as a color technician for a printer. | 19. | Range Decl., ¶ 10. |

| Fact | | Evidence | |
|---|---|---|---|
| 20. | Range was not represented by counsel during his prosecution for violating 62 Pa. C.S. § 481(a). | 20. | Range Decl., ¶ 11; Exh. A. |
| 21. | When Range pleaded guilty to violating 62 Pa. C.S. § 481(a), he understood only that he was pleading guilty to a misdemeanor, for which he would receive probation, be fined, and ordered to make restitution. | 21. | Range Decl., ¶ 12. |
| 22. | Range was not advised of the maximum potential sentence, and he was not advised that the plea would cause him to be barred from possessing firearms. | 22. | Range Decl., ¶ 12. |
| 23. | Not suspecting that he was barred from possessing firearms, Range attempted to purchase a firearm, and was rejected by the instant background check system. | 23. | Range Decl., ¶ 13. |
| 24. | Upon that rejection, a gun store employee reviewed with Range a list of prohibiting offenses, none of which Range committed. The employee then advised Range that the rejection was a typical error and that Range should just retry at a later time. | 24. | Range Decl., ¶ 13. |
| 25. | Years later, Range was again denied a firearms purchase, and was again led to believe the rejection was a mistake as he had not committed any of the offenses that he was told were prohibiting. | 25. | Range Decl., ¶ 13. |
| 26. | Range researched the matter further and was surprised to learn that he was barred from possessing firearms on account of his public assistance conviction. He thus immediately disposed of the only firearm within his possession. | 26. | Range Decl., ¶ 14. |
| 27. | Defendants instruct firearm dealers not to sell firearms to prospective purchasers who state that they have been convicted of a felony or other offense punishable by imprisonment for over a year. | 27. | Answer, ¶ 17. |

| Facts | Evidence |
|---|---|
| 28. "Section 922(g)(1) is by far the most frequently applied of Section 922(g)'s firearms disqualifications, forming the basis for thousands of criminal prosecutions and tens of thousands of firearm-purchase denials each year." | 28. Petition for a Writ of Certiorari, *Lynch* v. *Binderup*, U.S. Supreme Ct. No. 16-847, at 23 (citing U.S. Sent. Comm'n, *Quick Facts: Felon in Possession of a Firearm* (July 2016), http://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Quick_Facts_Felon_in_Possession_FY15). |
| 29. Range refrains from obtaining a firearm only firearm only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm. | 29. Range Decl., ¶ 15. |
| 30. Range suffers the on-going harm of being unable to obtain firearms, which he would, in fact, obtain but for Defendants' enforcement of Section 922(g)(1). | 30. Range Decl., ¶ 15. |

Dated: January 15, 2021                          Respectfully submitted,

By: /s/ Alan Gura                                By: /s/ Michael P. Gottlieb
    Alan Gura*                                         Michael P. Gottlieb
    Gura PLLC                                             PA Bar No. 36678
    916 Prince Street, Suite 107                        319 Swede Street
    Alexandria, VA 22314                                Norristown, PA 19401
    703.835.9085/Fax 703.997.7665                        610.279.4200
    alan@gurapllc.com                                    Mikem1a1@aol.com

    *Admitted pro hac vice                              Attorneys for Plaintiff