IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DAVID RANGE, ) | Case. No. 5:20-CV-03488-GEKP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY A. ROSEN, Acting Attorney ) | |
| General of the United States, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

DECLARATION OF BRYAN DAVID RANGE

I, Bryan David Range, declare:

1. I reside in Elizabethtown, Lancaster County, Pennsylvania. I presently intend to possess firearms for self-defense in my home, and for hunting.

2. I am over 21 years old, not under indictment, and have never been convicted of a felony or of a misdemeanor crime of domestic violence. I am not a fugitive from justice or an unlawful user of or addicted to any controlled substance. I have not been adjudicated a mental defective or committed to a mental institution or discharged from the Armed Forces under dishonorable conditions, never renounced my citizenship, and have never been the subject of a restraining order relating to an intimate partner.

3. On August 8, 1995, I was convicted by the Court of Common Pleas of Lancaster County, Pennsylvania, of one count of 62 Pa. C.S. § 481(a), making a false statement to obtain $2,458 in food stamps/assistance, by not fully disclosing my income.

4. At the time of this violation, I was earning approximately $9-$9.50 an hour mowing lawns, taking home approximately $300 a week. My then-wife and I were struggling to raise three children—a three and a half year old and twin two-year olds—on this income. My wife could not work as she was the children's primary caregiver.

5. My wife had prepared the food stamp application, which she and I both signed. The application under-reported my income. I do not recall reviewing the application, but I accepted responsibility for signing it and acknowledged that it was wrong for me to receive additional food stamps without having fully disclosed my income. Accordingly, I agreed to plead guilty to violating 62 Pa. C.S. § 481(a).

6. I was sentenced to three years' probation, which I successfully completed; and was assessed a $100 fine, $288.29 in costs and $2,458 in restitution, which I paid.

7. Apart from the welfare conviction, my only other criminal history consists of minor traffic and parking infractions, as well as a summary fishing offense in 2011 when I could not produce a license while fishing at the Susquehanna River. I erred in thinking that I had renewed my fishing license. I paid fines for not having the license when asked for one by the fishing officer, and for not having the license I claimed to have. This incident did not impact my ability to fish.

8. I have always been a peaceful person. I have never engaged in violence, nor have I ever threatened anyone with violence. To the extent that I have possessed firearms and other weapons in my life, I have always been careful to keep and use these responsibly. I have always strived to comply with the law, including weapons laws, which I have never knowingly violated.

9. I have been married for the past 18 years to my second wife, with whom I have been together for the past 25 years. I have lived at the same address for the past 24 years. We have successfully raised five now-adult children.

10. I have been productively employed throughout my adult life. I am in my thirteenth year of employment as a machinist, prior to which I was self-employed as a painter for five years. Before then, I was employed for ten years as a color technician for a printer.

11. I did not have a lawyer during my prosecution for violating 62 Pa. C.S. § 481(a).

12. When I pleaded guilty to violating 62 Pa. C.S. § 481(a), I understood only that I was pleading guilty to a misdemeanor, for which I would receive probation, be fined, and be ordered to make restitution. I was not advised of the maximum potential sentence, and I was not advised that the plea would cause me to be barred from possessing firearms.

13. Not suspecting that I was barred from possessing firearms, I attempted to purchase a firearm, and was rejected by the instant background check system. A gun store employee reviewed with me a list of prohibiting offenses, none of which I had committed. The employee then advised me that the rejection was a typical error and I should just retry at a later time. I tried again years later, was rejected again, and was again led to believe the rejection was a mistake as I had not committed any of the offenses that I was told were prohibiting.

14. I researched the matter further and was surprised to learn that I was barred from possessing firearms on account of my misdemeanor. I immediately disposed of the only firearm I had at the time, and I was careful not to ever possess firearms or ammunition.

15. I refrain from obtaining firearms only because I reasonably fear arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by the Defendants, if I do so. If it were not for their enforcement of 18 U.S.C. § 922(g)(1), I would have firearms.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 12 day of January, 2021.

_____
Bryan David Range