IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN DAVID RANGE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| WILLIAM BARR, Attorney General of the United States, *et al*, | : | No. 5:20-CV-03488-GEKP |
| Defendants. | : | |

**DEFENDANTS' RESPONSES TO PLAINTIFF BRYAN
RANGE'S FIRST SET OF REQUESTS FOR ADMISSION**

Under Federal Rules of Civil Procedure 26 and 36, and the Local Rules of the United States District Court for the Eastern District of Pennsylvania, defendants William B Barr, Attorney General of the United States, and Regina Lombardo, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, in their official capacities (collectively, "defendants"), answer and object to plaintiff Bryan David Range's First Set of Requests for Admission as follows.

**PRELIMINARY STATEMENT**

1. Defendants' investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are without prejudice to, and are not a waiver of, defendants' right to rely on other facts or documents at trial.

2. These Responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

    a)    All objections as to competency, relevancy, materiality, privilege, and

admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

      b)    The right to object to the use of any information that may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

      c)    The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests for production of documents; and

      d)    The right at any time to revise, correct, supplement, clarify, or amend this response in accordance with the Federal Rules of Civil Procedure.

3.    Defendants will produce responsive information and documents only to the extent that such information or documents are in the possession, custody, or control of defendants. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by defendants' right or power to request or compel the production of information or documents from third parties or contractors.

4.    A response to a request stating objections or indicating that documents will be produced shall not be construed to mean that responsive information or documents in fact exist, that defendants performed any of the acts or omissions described in any interrogatory, or any definitions or instructions applicable to the interrogatory, or that defendants acquiesce in the characterization of the conduct or activities contained in any interrogatory, or any definitions or instructions applicable to the interrogatories.

5.    Defendants expressly reserve the right to supplement, clarify, revise, or correct any of its objections and responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

6. Defendants will make any responsive documents available for inspection at the Philadelphia offices of the United States Attorney for the Eastern District of Pennsylvania. Alternatively, defendants will produce copies of the documents.

7. Publicly available information or documents including, but not limited to court papers, and documents available on the Internet, will not be produced.

8. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

## REQUESTS FOR ADMISSION

1. Defendants lack information suggesting that plaintiff Bryan David Range would potentially be less responsible with firearms than non-prohibited, law-abiding citizens generally are.

    **RESPONSE: Denied.**

2. Making a false statement to obtain public assistance benefits does not suggest that a person's possession of firearms would pose a heightened risk, beyond that posed by non-prohibited, law-abiding citizens.

    **RESPONSE: Denied.**

3. If plaintiff Bryan Range's conviction under 62 Pa. C.S. § 481(a) were not a "serious crime," as Defendants contend in the Rule 26(f) Joint Report, Range would be entitled to relief from the application of 18 U.S.C. § 922(g)(1).

    **RESPONSE: Denied.**

        Respectfully submitted,

        WILLIAM M. McSWAIN
        Acting United States Attorney


        */s/ Eric D. Gill*
        PAUL J. KOOB
        ERIC D. GILL
        Assistant United States Attorneys
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        Email: eric.gill@usdoj.gov
        Email: paul.koob@usdoj.gov

Date: December 16, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing Defendants' Responses to Plaintiff's First Set of Requests for Admission has been served by electronic mail on the following:

| | |
|---|---|
| Alan Gura, Esq. | Michael P. Gottlieb, Esq. |
| Gura PLLC | 319 Swede Street |
| 916 Prince Street | Norristown, PA 19401 |
| Alexandria, VA 22314 | |
| Alan@gurapllc.com | Mikem1a1@aol.com |

*Counsel for Plaintiff*

Date: December 16, 2020          /s/ Eric D. Gill
                                 ERIC D. GILL
                                 PAUL J. KOOB
                                 Assistant United States Attorneys