# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRYAN DAVID RANGE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| WILLIAM BARR, Attorney General of the United States, *et al*, | : | No. 5:20-CV-03488-GEKP |
| Defendants. | : | |

## DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Under Federal Rules of Civil Procedure 26 and 33, and the Local Civil Rules of the United States District Court for the Eastern District of Pennsylvania, defendants William Barr, Attorney General of the United States, and Regina Lombardo, Acting Director, Bureau of Alcohol, Tobacco, Firearms and Explosives, in their official capacities (collectively, "defendants"), answer and object to plaintiff Bryan David Range's First Set of Interrogatories and Request for Production of Documents as follows:

## PRELIMINARY STATEMENT

1. Defendants' investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are without prejudice to, and are not a waiver of, defendants' right to rely on other facts or documents at trial.

2. These Responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

    a) All objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

1

b) The right to object to the use of any information that may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

c) The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these requests for production of documents; and

d) The right at any time to revise, correct, supplement, clarify, or amend this response in accordance with the Federal Rules of Civil Procedure.

3. Defendants will produce responsive information and documents only to the extent that such information or documents are in the possession, custody, or control of defendants. Defendants' possession, custody, or control does not include any constructive possession that may be conferred by defendants' right or power to request or compel the production of information or documents from third parties or contractors.

4. A response to an interrogatory stating objections or indicating that documents will be produced shall not be construed to mean that responsive information or documents in fact exist, that defendants performed any of the acts or omissions described in any interrogatory, or any definitions or instructions applicable to the interrogatory, or that defendants acquiesce in the characterization of the conduct or activities contained in any interrogatory, or any definitions or instructions applicable to the interrogatories.

5. Defendants expressly reserve the right to supplement, clarify, revise, or correct any of its objections and responses, and to assert additional objections or privileges, in one or more subsequent supplemental responses.

6. Defendants will make any responsive documents available for inspection at the Philadelphia offices of the United States Attorney for the Eastern District of Pennsylvania. Alternatively, defendants will produce copies of the documents.

7. Publicly available information or documents including, but not limited to court papers, and documents available on the Internet, will not be produced.

8. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

## RESPONSES TO INTERROGATORIES

1. If your response to Request for Admission 1 is anything other than an unqualified admission, identify all information suggesting that plaintiff Bryan David Range would potentially be less responsible with firearms than non-prohibited, law-abiding citizens generally are.

**RESPONSE: Defendant objects to the term "information," which is not defined in plaintiff's First Set of Interrogatories and Requests for Production of Documents, in so much as it can be read to encapsulate legal conclusions and, therefore, requests a response outside the boundaries of proper factual discovery. Defendants shall interpret the term "information" to include only factual information.**

**Defendants further object to this interrogatory in so much as it seeks information that is "not relevant to any party's claim or defense" nor is it "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for information regarding plaintiff's potential to be "less responsible with firearms than non-prohibited, law-abiding citizens generally are" does not serve as the standard announced in *Binderup* and reaffirmed in *Folajtar v. Barr*, Slip Op. at 21-22, No. 19-1687 (3d Cir. Nov. 24, 2020) to evaluate whether plaintiff is eligible to possess a firearm.**

**Defendants further object to this interrogatory as overbroad and unduly burdensome to the extent it seeks a response that is readily or more accessible to**

3

plaintiff.

Finally, defendants object to this interrogatory as a preliminary contention interrogatory that need not be answered until discovery is complete under Fed. R. Civ. P. 33(a)(2).

2. If your response to Request for Admission 2 is anything other than an unqualified admission, identify all information supporting the proposition that making a false statement to obtain public assistance benefits suggests that a person's possession of firearms would pose a heightened risk, beyond that posed by non-prohibited, law-abiding citizens.

**RESPONSE**: Defendant objects to the term "information," which is not defined in plaintiff's First Set of Interrogatories and Requests for Production of Documents, in so much as it can be read to encapsulate legal conclusions and, therefore, requests a response outside the boundaries of proper factual discovery. Defendants shall interpret the term "information" to include only factual information.

Defendants further object to this interrogatory in so much as it seeks information that is "not relevant to any party's claim or defense" nor is it "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff's request for information regarding plaintiff's potentially to be "a heightened risk" does not serve as the standard announced in *Binderup* and reaffirmed in *Folajtar v. Barr*, Slip Op. at 21-22, No. 19-1687 (3d Cir. Nov. 24, 2020) to evaluate whether plaintiff is eligible to possess a firearm.

Defendants further object to this interrogatory as overbroad and unduly

4

burdensome to the extent it seeks a response that is readily or more accessible to plaintiff.

Finally, defendants object to this interrogatory as a preliminary contention interrogatory that need not be answered until discovery is complete under Fed. R. Civ. P. 33(a)(2).

3. If your response to Request for Admission 3 is anything other than an unqualified admission, identify all information supporting the proposition that plaintiff Bryan Range should be subject to the prohibition of 18 U.S.C. § 922(g)(1) even if his conviction under 62 Pa. C.S. § 481(a) were not a "serious crime."

**RESPONSE**: Defendant objects to the term "information," which is not defined in plaintiff's First Set of Interrogatories and Requests for Production of Documents, in so much as it can be read to encapsulate legal conclusions and, therefore, requests a response outside the boundaries of proper factual discovery. Defendants shall interpret the term "information" to include only factual information.

Defendants further object to this interrogatory as overbroad and unduly burdensome to the extent it seeks a response that is readily or more accessible to plaintiff.

Finally, defendants object to this interrogatory as a preliminary contention interrogatory that need not be answered until discovery is complete under Fed. R. Civ. P. 33(a)(2).

4. Please identify all persons who have knowledge or possess information regarding Plaintiff's claims, and for each such person identified, indicate the subject matter about

which you believe that person is knowledgeable.

**RESPONSE: Bryan David Range: plaintiff likely has knowledge about his criminal history, including his disqualifying offense. Defendants explicitly reserve their right to supplement this response.**

5. Please identify the evidence supporting your contention that Plaintiff's conviction for violating 62 Pa. C.S. § 481(a) was a "serious crime."

**RESPONSE: Defendant objects to this interrogatory as a preliminary contention interrogatory that need not be answered until discovery is complete under Fed. R. Civ. P. 33(a)(2).**

## **REQUEST FOR PRODUCTION**

1. Please produce any and all documents described, identified, relied upon, or referred to in your responses to Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Admission.

**RESPONSE: Defendants direct plaintiff to documents previously produced at USA0001-3.**

        Respectfully submitted,

        WILLIAM M. McSWAIN
        Acting United States Attorney

        */s/ Paul J. Koob*
        PAUL J. KOOB
        ERIC D. GILL
        Assistant United States Attorneys
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        Email: eric.gill@usdoj.gov
        Email: paul.koob@usdoj.gov

Date: December 16, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents has been served by electronic mail on the following:

| | |
|---|---|
| Alan Gura, Esq. | Michael P. Gottlieb, Esq. |
| Gura PLLC | 319 Swede Street |
| 916 Prince Street | Norristown, PA 19401 |
| Alexandria, VA 22314 | |
| Alan@gurapllc.com | Mikem1a1@aol.com |

*Counsel for Plaintiff*


Date: December 16, 2020               */s/ Paul J. Koob*
                                              ERIC D. GILL
                                              PAUL J. KOOB
                                              Assistant United States Attorneys