IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DAVID RANGE, ) | Case. No. 5:20-CV-03488-GEKP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JEFFREY A. ROSEN, Acting Attorney ) | |
| General of the United States, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

[PROPOSED] ORDER

Upon consideration of Plaintiff's Motion for Summary Judgment, filed January 15, 2021, the material submitted in support of and opposition to that motion, the parties' arguments, and the record in this matter, the motion is GRANTED.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Application of 18 U.S.C. § 922(g)(1) against Bryan David Range, on account of his 1995 misdemeanor conviction under 62 Pa. C.S. § 481(a), would violate the Second Amendment to the United States Constitution; accordingly,

2. Bryan David Range's 1995 conviction under 62 Pa. C.S. § 481(a) does not require him to acknowledge a disabling conviction when purchasing firearms;

3. Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, are permanently enjoined from enforcing 18 U.S.C. § 922(g)(1) against Bryan David Range on the basis of his 1995 misdemeanor conviction under 62 Pa. C.S. § 481(a); and

4. Defendants are further directed to issue Bryan David Range a Unique Personal Identification Number ("UPIN") under the National Instant Background Check System ("NICS") with which he may purchase firearms, unless Range is prohibited from possessing firearms for reasons other than his 1995 conviction under 62 Pa. C.S. § 481(a).

SO ORDERED.

This the ___ day of _____, 2021.

 

_____
The Hon. Gene E. K. Pratter
United States District Judge