IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BRYAN DAVID RANGE,<br><br>              Plaintiff,<br><br>v.<br><br>JEFFREY ROSEN, Acting Attorney General of the United States, REGINA LOMBARDO, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br><br>              Defendants. | Civil Action<br>No. 20-cv-3488 |

**DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

1. On August 8, 1995, in the Court of Common Pleas of Lancaster County, Pennsylvania, Range pled guilty to making a false statement to fraudulently obtain public assistance. Compl. ¶ 7.

2. Specifically, he falsified his income when he and his wife jointly applied to receive approximately $2,458 in welfare assistance in violation of 62 Pa. C.S.A. § 481(a). *Id.*

3. The Court of Common Pleas sentenced him to three years of probation; he was assessed a $100 fine, $288.29 in costs and eventually paid $2,458 in restitution. Compl. ¶ 9.

4. Under Pennsylvania law, Range's crime was graded as a first-degree misdemeanor, which is punishable by up to five years' imprisonment. *See* 18 Pa. C.S.A. § 1104(1); Compl. ¶¶ 7-8.

5. In the attached survey, *forty-two* states treat welfare fraud in the amount Range stole to be a felony, in many cases punishable by a year or more in prison. *See Defendants' 50 State Survey,* attached hereto as Exhibit 1.

6. The amount of welfare fraud that triggers felony status varies, with some states treating a $100 violation as a potential felony, and others $2,500. *Id.* (*see* Arkansas statutory threshold at $100 or more and Colorado statutory threshold at $2,500).

7. By contrast, *only seven* states treated a similar crime as a misdemeanor, and one state was equivocal in its treatment. *See* Exhibit 1.

8. Range claims to be ignorant that his conviction prevented him from owning a firearm until years later. *See* December 30, 2020 Deposition of Bryan David Range ("Range Dep.") at 17-18, 20-21, excerpts attached hereto as Exhibit 2.

9. However, he was prevented from purchasing a hunting rifle in 1998. Range Dep. 18-19.

10. Specifically, Pennsylvania's Instant Check System ("PICS") prevented Range from buying the rifle at a gun store. *Id.*

11. Shortly thereafter and knowing that the PICS system had denied him the ability to purchase a rifle, his wife circumvented that denial by buying the hunting rifle for him. Range Dep. 14-16; 21-22.

12. Range possessed that hunting rifle and a shotgun until he lost both firearms in a house fire in 2006. Range Dep. at 15.

13. After the fire and knowing that he could not legally purchase a firearm because of the PICS system, Range's wife bought him another hunting rifle. Range Dep. at 16-17.

14. He possessed that rifle for a few years of ownership before selling it to a gun shop. Range Dep. at 15-16.

15. Finally, in 2011, Range violated the law again. Range committed summary offenses of making a false statement and fishing without a license. Range Dep. Tr. at 37-39.

16. He paid a summary fine of $200. *See* Plaintiffs' Response to Defendants' Interrogatories at 3-4, excerpts attached hereto as Exhibit 3.

    Respectfully submitted,

    WILLIAM M. MCSWAIN
    United States Attorney

    s/ Susan R. Becker for GBD
    GREGORY B. DAVID
    Assistant United States Attorney
    Chief, Civil Division


    s/ Paul J. Koob
    PAUL J. KOOB
    ERIC D. GILL
    Assistant United States Attorneys
    Eastern District of Pennsylvania
    615 Chestnut Street, Suite 1250
    Philadelphia, PA 19106-4476
    215-861-8432/8250 (phone)
    215-861-8618 (facsimile)
    Paul.Koob@usdoj.gov
    Eric.Gill@usdoj.gov

    *Attorneys for Defendants*

Dated: January 15, 2021

## CERTIFICATE OF SERVICE

I certify that on this day, the foregoing "Statement of Undisputed Facts" and supporting documents were filed electronically and are available for viewing and downloading from the court's ECF system.

Dated: January 15, 2021        s/ Paul J. Koob
                               PAUL J. KOOB
                               Assistant United States Attorney