# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN DAVID RANGE, | ) Case. No. 5:20-CV-03488-GEKP |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM BARR, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

PLAINTIFF BRYAN RANGE'S RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Bryan Range hereby submits his responses to Defendants' first set of interrogatories.

GENERAL OBJECTIONS

A. Plaintiff objects to each definition, instruction, and interrogatory to the extent that it attempts to impose discovery obligations which are greater than those required under the Federal Rules of Civil Procedure.

B. Plaintiff objects to each definition, instruction, and interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine.

C. Plaintiff objects to each definition, instruction, and interrogatory to the extent that it requests information relating to matters that are not relevant to the pending lawsuit or not reasonably calculated to lead to the discovery of admissible evidence or otherwise exceeds the scope and manner of discovery permitted by the Federal Rules of Civil Procedure.

young children, that we were eligible for the assistance. Things were really bad at that point in life and we were literally trying to survive.

Interrogatory 2:

Describe in detail any circumstances – whether in a civil or criminal context – where you have been alleged to have made a false statement under oath.

Response to Interrogatory 2:

Aside from the response to interrogatory 1, none.

Interrogatory 3:

Describe in detail the circumstances surrounding your criminal history, including but not limited to any of the events mentioned in your complaint.

Response to Interrogatory 3:

On August 8, 1995, I was convicted by the Court of Common Pleas of Lancaster County, Pennsylvania, of one count of 62 Pa. C.S. § 481(a), making a false statement to obtain $2,458 in food stamps/assistance, by not fully disclosing my income. The circumstances surrounding this misdemeanor conviction are described in my response to interrogatory 1. I was sentenced to three years probation, which I successfully completed; and was assessed a $100 fine, $288.29 in costs and $2,458 in restitution, which I paid.

I have received some speeding tickets and parking violations, though not for several years. In 2011, I was convicted of a summary offense for fishing without a license. I was fishing at the Susquehanna River with some people, only one of whom I was acquainted with, when a fish warden approached our group and asked for licenses. He asked if I had a license and I said I did, because a few weeks earlier I had bought some new fishing equipment and believed that I

had a bought license as part of that purchase. The warden said he had to write me a ticket for fishing without a license, but that I had ten days to produce the license. As it turned out I had forgotten to buy the license when I picked up the fishing gear. I contacted the warden and explained this mistake, and I believe he issued me a second citation. The fines totaled about $200, and I paid them. I did not lose my fishing privileges.

Interrogatory 4:

Describe in detail the circumstances of any violent acts by you which may have subjected you to state or federal criminal liability.

Response to Interrogatory 4:

None.

Interrogatory 5:

Describe any and all incidents where you possessed, handled or used a firearm after your disqualifying conviction in August 1995.

Response to Interrogatory 5:

Objections: The interrogatory is overbroad, unduly burdensome, not "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and calls for information that is irrelevant and not likely to lead to the discovery of admissible evidence. The interrogatory is also vague as the term "firearm" is not defined. Plaintiff shall interpret the term "firearm" as that term is defined in 18 U.S.C. § 921(a)(3), including its exception for "antique firearm" as defined in 18 U.S.C. § 921(a)(16). Notwithstanding said objections and without waiving same, and in accordance with Plaintiff's understanding of "firearm," Plaintiff responds: